BERYL V. SWANBACK, APPELLEE, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, APPELLANT.

FILED DECEMBER 26, 1918. No. 20624.

1. Insurance: APPLICATION: CONSTRUCTION: WARRANTIES. When, in an action on a fraternal benefit life insurance certificate, it becomes necessary to determine whether the statements made in the written application are warranties or mere representations, the court will take into consideration the situation of the parties, the subject-matter, and the language employed, and, when it clearly appears that it was the understanding of the parties that the statements should be construed as warranties, the contract will be so construed.

2. ———: WARRANTIES: PLEADING AND PROOF. In order that such warranties shall constitute a defense to such action, it is incumbent upon defendant to plead and prove that the answers were made substantially as written in the application, that they were false in some particular material to the risk, and that defendant relied upon and acted upon them.

3. Trial: DIRECTION OF VERDICT. "Where the evidence on the trial in the district court is not conflicting, and reasonable minds cannot differ as to the conclusion to be derived therefrom, it is the duty of the court, when requested, to direct a verdict in accordance with such conclusion." Nebraska Transfer Co. v. Chicago, B. & Q. R. Co., 90 Neb. 488.

APPEAL from the district court for Adams county: WILLIAM C. DORSEY, JUDGE. Reversed and dismissed.

Tibbets, Morey, Fuller & Tibbets and D. E. Bradshaw, for appellant.

J. E. Willits, contra.

MORRISSEY, C. J.

This is an action on a fraternal benefit life insurance certificate. Plaintiff prevailed, and defendant appeals.

The defense relied upon is based on the alleged false representations made by the insured in his application for membership. Such part of the application as is material, reads: "Did you ever fail to obtain life insurance applied for? A. No." The proof shows beyond dispute that, but a short time prior to the making of this application, the insured made application to another company and was rejected. Subsequent to that rejection he talked with an agent of an accident insurance company, and inquired if his rejection by the life insurance company would affect his application for accident insurance. He died within a year after becoming a member of defendant association, of the disease from which he was said to be suffering when he was rejected by the company to which he first applied.

Plaintiff, in reply, alleges that this question was not propounded to the deceased, but the answer was filled in without his knowledge by the defendant's physician. The only testimony in the record on this point is that of the physician. His testimony, on direct examination, is: "Q. Did you read to him this question, 'Did you ever fail to obtain life insurance applied for?' A. I wouldn't swear that I asked him that question. I usually ask the question this way, * * * 'Have you ever been rejected for life insurance?'" On cross-examination he testified: "Q. Did you ask him this question, 'Did you ever fail to obtain life insurance applied for?' A. I wouldn't swear that I asked him that question. I usually ask the question this way, 'Have you ever been rejected for life insurance applied for?' * * * Q. And did you ask him that? A. Yes, sir; there is no question about that."

Giving this testimony a reasonable construction, it appears that the deceased was, in fact, asked, if not the identical question involved, at least one of similar im-

port, which a man of ordinary intelligence could not fail to understand. Furthermore, the deceased had been an insurance agent; this was not his first application for insurance; he was familiar with the business, and there is nothing in the record to warrant the presumption that he was in any way imposed on, or did not understand the contents of his application.

The application forms a part of the contract. We are committed to the rule that, for the purpose of determining whether the statements made in the written application were representations or warranties, the court will take into consideration the situation of the parties, the subject-matter, and the language employed, and, when it clearly appears that it was the intention of the contracting parties to make the statements warranties, the contract will be so construed. But, in order that such warranties shall constitute a defense to an action upon the contract, it is incumbent upon the defendant to plead and prove that the answers were made as written in the application, that they were false in some particular material to the insurance risk, and that defendant relied and acted upon the answers.

In the instant case, defendant, by its pleading and proof, brought itself strictly within the rule. There was no disputed question of fact for the jury, and the court ought to have directed a verdict for defendant.

The judgment of the district court is reversed and cause dismissed.

REVERSED AND DISMISSED.

LETTON and ALDRICH, JJ., not sitting.