(No. 2697.)

## STATE v. MONTGOMERY.

### SYLLABUS BY THE COURT

(1) A faulty allegation of fact in an indictment is cured by verdict. P. 346

(2) Section 3603, Code 1915, requiring the city marshal to forthwith take his prisoner before the proper magistrate for examination and trial, requires no more than that the same shall be done with reasonable promptness and dispatch. P. 346

(3) Motion for an instructed verdict examined, and held not to be well founded. P. 347

Appeal from District Court, Curry County; Bratton, Judge.

J. H. Montgomery was convicted of unlawfully assisting another to escape from custody, and he appeals. Affirmed.

Roswells & Reese, of Clovis, for appellant.

Harry S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

PARKER, C. J. The statute, section 3066, Code 1915, under which the indictment was drawn, provides that any person who "shall, by any means whatever assist any such prisoner in his endeavor to escape therefrom (place where lawfully committed or detained) whether such escape be attempted or effected or not," shall be punished, etc. The indictment charges that the defendant "did then and there knowingly, willfully, and unlawfully assist one Watson Kemp, in escaping from the city jail of Clovis, N. M. * * * by then and there unlocking and opening the door of said city jail of Clovis, N. M., with the intent then and there to effect, by unlocking and opening the said door of the said city jail of Clovis, N. M., the escape of the said Watson Kemp, the said Watson Kemp being then and there duly and lawfully confined in said city jail of Clovis, N. M., by an arrest made by D. L. Moye, City Marshal of said City of Clovis, N. M., for an offense of assault and battery committed in the presence of the said D. L. Moye, city marshal, aforesaid. * * * " The appellant was convicted and sentenced, and has brought this appeal.

Counsel for appellant presents several objections to the indictment: (1) He says that the indictment charges that appellant assisted one Watson Kemp in escaping from the jail, while the statute condemns the assisting of a prisoner in his endeavor to escape and argues that the indictment thus fails to follow the stat-

ute and does not charge the crime. (2) Counsel further argues that the indictment fails to show that the prisoner was lawfully confined in the jail. The argument proceeds upon the theory that, although the indictment alleges that the prisoner was confined by the city marshal for the offense of assault and battery committed in the presence of the officer, the officer had no authority to confine the prisoner without a commitment from a magistrate, and no such authority was alleged. The argument is based on the language of section 3603, Code 1915, which provides that the marshal, upon making an arrest, shall "forthwith bring such person before the competent authority for examination and trial," and, it is stated, until this is done there is no power in the marshal to confine a person in jail.

[1] It is readily seen that the defect first above mentioned is formal, rather than substantial. How a prisoner could in fact escape from jail without endeavoring to escape, it is difficult to understand. The act of escape includes the endeavoring to escape. This slightly faulty allegation was not called to the attention of the trial court before or during the trial and was, consequently, cured by the verdict. The doctrine is stated by Mr. Bishop as follows:

"It is that though a matter either of form or of substance is omitted from the allegation or alleged imperfectly, yet if under the pleadings the proof of it was essential to the finding, it must be presumed after verdict to have been proved, and the party cannot now for the first time object to what has wrought him no harm." 1 Bishop's New Cr. Proc. p. 422.

See, also, Territory v. Eaton, 13 N. M. 79, 79 Pac. 713; Haynes v. United States, 9 N. M. 519, 56 Pac. 282; 14 R. C. L. Inds. and Infs. § 55.

[2] The second alleged defect, above mentioned, is no defect at all. The stautue requires the marshal to forthwith bring the prisoner before the magistrate, it is true; but the word "forthwith" must necessarily be somewhat elastic in meaning and vary according

to the circumstances. It would be absurd to say that an officer must immediately in all cases go directly to the magistrate with his prisoner, regardless of the time of day or night, and regardless of all other circumstances surrounding the transaction. The statute defining this crime seems to contemplate the detention of persons both before and after commitment, as it uses the words, "any prisoner there lawfully committed or detained"; the former word being applicable after commitment, and the latter word being applicable before commitment. The word "forthwith," in such statute and under the circumstances which must often arise in arrests for offenses committed in the presence of a peace officer, must be held to mean no more than that the duty is to be performed with all reasonable promptness and dispatch. The prisoner, in this case, was therefore lawfully confined in the jail by the city marshal.

[3] At the close of the state's case, appellant moved for a directed verdict in his favor upon three grounds viz: (1) The evidence failed to show that the prisoner was lawfully imprisoned at the time; (2) the evidence failed to show that an assault and battery constituted an offense under the ordinances of the city; and (3) the testimony shows that a charge was made against the prisoner for violation of the city ordinances, but the nature of the charge was not shown in the proofs. This motion was denied, and thereupon the district attorney applied for leave to reopen the case for further proof in behalf of the state, which was granted, and further proof submitted. The additional proof tendered was to show the city ordinance against assault and battery. The motion for a directed verdict was renewed after the close of the additional testimony, and again at the close of the whole case, with the additional ground that the charge filed before the justice of the peace, subsequent to the escape from jail, stated no offense against the city ordinance or the laws of the state. The motion was denied by the court.

We have heretofore seen that the indictment charged the detention of the prisoner by the city marshal for the offense of assault and battery committed in his presence.   The offense was a crime under the laws of the state, and the action of the city marshal was expressly authorized by section 3603, Code 1915, which provides that the city marshal ''shall apprehend any person in the act of committing any offense against the laws of the state or ordinances of the city.''  We have also heretofore seen that the city marshal might lawfully confine the prisoner in the jail, until, with reasonable promptness and dispatch, he could be taken before the magistrate.   In view of this situation, it became immaterial what the city ordinance might be. It was likewise immaterial whether the complaint, subsequently filed against the prisoner, stated an offense, because the rightfulness of the imprisonment depended upon the facts as they existed at the time of the escape, and upon no subsequent fact.   It seems clear, therefore, that the indictment stated an offense and the evidence sustained the charge, and the court's action in denying the motion for a directed verdict was correct.

Certain questions as to the admissibility of the ordinances are raised, but they are immaterial because the ordinances themselves are immaterial.   Likewise some exceptions to the instructions need not be considered because no objection thereto was made in the court below.

It follows from all of the foregoing that the judgment of the court below was correct and should be affirmed, and it is so ordered.

BOTTS, J., concurs.

BRATTON, J., having tried the case below, did not participate in this decision.