STATE EX REL. WALTER H. SMITH, APPELLEE, v. WESTERN SURETY COMPANY, APPELLANT.

50 N. W. 2d 100

Filed November 30, 1951. No. 33048.

*Casey & Chovanec,* for appellant.

*Richard C. Peck* and *James F. Begley,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

John Daniel Brandon, Jr. was accused by complaint filed in the county court of Cass County of feloniously and illegally having in his possession a forged instrument with intent to utter and use it to the damage and prejudice of other persons with full knowledge that it was false and forged. He waived preliminary hearing, was ordered to appear in the district court to answer the charge, and was committed to jail in default of bail in the sum of $1,500.00. He later furnished bail as required by the court with appellant as surety and was released from the county jail. The condition of the bond was that he appear in the district court for Cass County from day to day and from term to term, until final judgment in the case or until he was finally discharged, to answer the charge made against him and to receive and abide the judgment of the court and not depart thereof without leave. He did not appear thereafter in the district court and at the time the case was set for trial an order of forfeiture of the bond was entered by the court. This suit seeks recovery of the penalty of the bond from appellant.

The petition alleged the matters above stated and asked judgment for $1,500.00, with interest at legal rate from the date the case was assigned for trial. Appellant admitted it executed the bond described in the petition and denied all other allegations thereof. The trial resulted in a directed verdict for appellee and a judgment entered thereon. The appeal is from the judgment and an order disallowing the motion of appellant for a new trial.

The evidence produced by appellee sustained each

element of the cause of action alleged. The appellant did not attempt to controvert any part of the evidence of appellee and there was no offer of proof by it of any matter responsive to any issue in the case. The facts in reference to the efforts of appellant to locate, apprehend, and produce the accused in court for trial, as the bond obligated it to do, were immaterial to any issue of the case. The answer was an admission of the execution of the bond by appellant and a denial. There was no offer of proof by appellant that any of the conditions of the bond were performed by it or of any fact that would operate as a discharge of the surety.

It is provided by statute that when any person under recognizance in a criminal prosecution fails to perform the conditions of it, his default shall be recorded and the recognizance forfeited, and when it has been forfeited it is made the duty of the prosecuting attorney of the county in which it was taken to prosecute a civil action for the penalty of the bond. §§ 29-1101 and 29-1102, R. R. S. 1943.

In Bartling v. State, 67 Neb. 637, 93 N. W. 1047, this court said: "We think that a surety on a recognizance must take notice of the obligations imposed upon him by the law providing for such recognizance; that the object of the recognizance in a criminal proceeding is to secure the presence of the accused at the next term of court actually held after such recognizance has been entered into and approved; and that when the surety fails to either deliver his principal into the custody of the proper officers of the law or to procure his attendance at a term of court actually held, his liability upon the recognizance becomes absolute."

In King v. State, 18 Neb. 375, 25 N. W. 519, it is said: "It is next insisted that the surety was exonerated by operation of law by the imprisonment of Greek on a charge of felony in the state of Arkansas. The answer alleges and the proof tends to show that after the execution of the recognizance Greek went to the state of

Arkansas, was there arrested upon a charge * * * and upon trial was convicted and sentenced to the penitentiary, he being under arrest at the time of the forfeiture of the recognizance mentioned in the petition of the defendant in error * * * it is clear that the commission of the crime for which he was arrested in Arkansas was subsequent to the execution of the recognizance, and was of course the voluntary act of the accused. * * * It is sufficient to say that it is no bar to a prosecution of this kind (suit for the recovery of the penalty of the bond), and it cannot be plead as a defense, that the accused voluntarily left the state, violated the laws of the state to which he went, and for such violation was imprisoned."

In Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287, the Supreme Court of the United States said: "When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done. They may exercise their rights in person or by agent. They may pursue him into another state; may arrest him on the Sabbath; and, if necessary, may break and enter his house for that purpose. The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner."

In State v. Altone, 140 Me. 210, 35 A. 2d 859, the court remarked: "The general rule is that it is not an abuse of discretion on the part of a court to order the forfeiture of bail even though the failure of a respondent to appear is due to his imprisonment in another jurisdiction for an offense committed there." See, also, Fitzpatrick v. Williams, 46 F. 2d 40, 73 A. L. R. 1365; Annotation, 84 A. L. R. 446; 6 Am. Jur., Bail and Recognizance, § 100, p. 100.

The evidence of liability of appellant for the amount of the bond was free from conflict. This, and the mo-

tion by each of the parties for a directed verdict, justified the court in directing the jury to return a verdict for appellee. Swanback v. Sovereign Camp, W.O.W., 103 Neb. 34, 170 N. W. 354; Wax v. Co-Operative Refinery Assn., *ante* p. 42, 46 N. W. 2d 769; Witthauer v. Employers Mutual Casualty Co., 149 Neb. 728, 32 N. W. 2d 413.

The judgment herein was rendered on the 13th day of February 1951. The application of appellant to remit the judgment was filed on the 20th day of February 1951. The showing in support thereof was that appellant upon learning that Brandon had not appeared for trial and that the bond had been forfeited made extensive and persistent search at large expense to locate, apprehend, and surrender him to the court; that in May 1950, after the bond was forfeited on May 11, 1949, appellant learned Brandon had been taken in custody and was detained in jail in Marysville, California; and that it procured Tom Solomon, sheriff of Cass County, as its agent to go to that place and secure and return Brandon to Nebraska. Solomon went there, advised the officer of the facts, but was unable to induce the California officer to surrender Brandon to him without extradition. Appellant then requested the county attorney, on behalf of the county and state, to assist in securing the return of Brandon, and for that purpose to institute and prosecute extradition. This was refused. The essence of the complaint of appellant is that the state, the county, or their representative did not do or assist in doing what the bond required of appellant. It is not asserted that the state or county did anything to interfere with performance by appellant. The appellant did not claim that after the rendition of the judgment the accused had been arrested and surrendered to the district court for Cass County for trial on the pending charge against him. A judgment for the penalty of a forfeited recognizance may be by the court remitted or reduced only after the accused has been surrendered

to the proper court to be tried on the charge made against him. Section 29-1104, R. R. S. 1943, provides: "Whenever any judgment shall have been rendered against the defendants for the whole or any part of the penalty of a forfeited recognizance, as aforesaid, the court rendering such judgment shall have power to remit or reduce the amount thereof, when it shall be made to appear that after the rendition thereof the accused had been arrested and surrendered to the proper court, to be tried on such charge."

The judgment of the district court should be, and it is affirmed.

AFFIRMED.