## UNITED STATES ex rel. ROWOLDT v. SHRODE.

### Civ. No. 4021.

United States District Court
D. Minnesota, Fourth Division.
April 2, 1952.

Kenneth J. Enkel, of Minneapolis, Minn., for petitioner.

Richard W. Johnson, Asst. U. S. Atty., of St. Paul, Minn., for respondent.

NORDBYE, Chief Judge.

It appears that in connection with a deportation proceeding against the petitioner, a warrant of arrest was issued on April 17, 1947, and served on him on November 26, 1948. He was then released upon his own personal recognizance. After a hearing, a warrant of deportation was issued on July 5, 1949, and the petitioner was taken into custody. On November 4, 1949, he petitioned this Court for a writ of habeas corpus. On November 8, 1949, he was released by the Court on a $1,000 bond. On December 19, 1949, the Court discharged the writ. An appeal was taken by him to the Court of Appeals. During the pendency of the appeal, the decision of the Supreme Court in Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, rendered the deportation proceeding pending against the petitioner null and void.

In February, 1951, new deportation proceedings were instituted against him on the basis of the charges contained in the warrant of arrest issued on April 17, 1947, and upon the additional charge lodged during the hearing in the former proceeding that he was subject to deportation under the Act of October 16, 1918, as amended, 8 U.S. C.A. § 137, because he had been found to have been an alien who, after entry in this country, was a member of the Communist Party of the United States. Upon the institution of the new deportation proceedings, petitioner was not taken into custody but was released upon a conditional parole. On April 15, 1951, after hearing, a deportation warrant was issued. This order was affirmed by the Commissioner of Immigration and Naturalization Service. An appeal was taken to the Board of Immigration Appeals by the petitioner, and a hearing was held before that Board on February 6, 1952. On March 18, 1952, the respondent herein was directed by the District Director of Immigration and Naturalization Service of Chicago, Illinois, over the telephone, to apprehend petitioner and detain him pending the posting of a $4,000 appearance bond. The apprehension was made in pursuance of the warrant of arrest issued April 17, 1947. On March 24, 1952, the petitioner filed his petition herein for a writ of habeas

corpus. On March 25, 1952, a new warrant of arrest was issued and served upon the petitioner on March 26, 1952, which reads as follows,

"WARRANT
For Arrest of Alien
UNITED STATES OF AMERICA
Department of Justice
Washington

"No. 1625/12651
A–5,706,210

"To: Officer in Charge, Immigration and Naturalization Service, St. Paul, Minn. Or to any Immigrant Inspector in the service of the United States.

"Whereas, from evidence submitted to me, it appears that the alien

Charles Rowoldt, formerly known as Ludwig Karl Rowoldt

who entered this country at Portal, N. D., in or about 1923 or 1924, has been found in the United States in violation of the immigration laws thereof, and is subject to be taken into custody and deported pursuant to law; and

"Whereas, the said alien has been apprehended, accorded a hearing to show cause why he should not be deported from the United States and, upon the evidence adduced at said hearing, has been ordered deported from the United States pursuant to law, from which order he has appealed; and

"Whereas, the said alien has been released on conditional parole during the pendency of these proceedings; and

"Whereas, upon information I believe to be reliable, I have concluded that the conditional parole should be terminated and said alien returned to the custody of the Immigration and Naturalization Service;

"Now, Therefore, by virtue of the power and authority vested in me by the laws of the United States, I hereby command you to take into custody the said alien and detain him during the pendency of the aforesaid administrative deportation proceedings, provided that said alien may be released from such custody upon the posting of a sat-

754

isfactory appearance bond in the sum of Four Thousand Dollars ($4,000.00).

"For so doing, this shall be your sufficient warrant.

"Witness my hand and seal this 25th day of March, 1952.

"Marcus T. Neelly
District Director
Chicago District"

Thereafter, petitioner filed a supplemental petition for a writ of habeas corpus in which he attacks the sufficiency of the new warrant of arrest and the alleged attempt of respondent to revoke petitioner's conditional parole retroactively, and alleges that the same constitutes an abuse of discretion which was arbitrary and unlawful and in contravention of the Fifth and Eighth Amendments to the Constitution of the United States.

■ There is no substance to petitioner's contention that the warrant served on March 26, 1952, is insufficient to terminate his release upon conditional parole and to justify his being taken into custody during the pendency of the deportation proceedings upon his failure to post a reasonable bond. Undoubtedly the new warrant of arrest was issued to comply with the suggestion of the Supreme Court in Butterfield v. Zydok, 72 S.Ct. 525, wherein the court held that in a deportation proceeding the "better practice" is to require a new warrant served when the deportee is to be taken into custody during the pendency of the proceedings after having once been released on bond or on his personal recognizance. The purpose of a new warrant is to avoid a hasty and inconsiderate detention of a person once released on bail or on his personal recognizance after arrest on a lawful warrant. Here, there is no attack on the sufficiency of the original warrant of arrest. Under that warrant, a reasonable bail could have been required. The release of petitioner without bail did not irrevocably commit the immigration authorities to release petitioner on conditional parole. Since his release on conditional parole, an order of deportation has been issued. The order has been affirmed by the Commissioner. The deportation order is now pending on appeal before the Board of Immigration Appeals, and a decision from the Board is imminent. Moreover, the Supreme Court on March 10, 1952, in the case of Harisiades v. Shaughnessy, 72 S.Ct. 512, held that the United States may constitutionally deport a resident alien who was a Communist and whose membership in the Party terminated before the enactment of the Alien Registration Act of 1940, 8 U.S.C.A. §§ 137, 155, 156a, 451–460. The District Director, who is authorized to issue a warrant of arrest, has concluded that the conditional parole of the petitioner should be terminated and has issued the new warrant for his arrest. His action was based upon the report of the respondent, the local officer in charge of the Immigration and Naturalization Service, that the petitioner was presently unemployed, that he had no family or close relations in the United States, that he has no permanent place of abode, and owns no property. This information, which is not traversed, amply justified the District Director in his discretion to conclude that the conditional parole should be terminated and that the alien be returned to the custody of the Immigration and Naturalization Service. It was not necessary to inform the petitioner in the new warrant of the charges against him. That appears in the warrant of April 17, 1947. The second warrant constitutes a formal decision on the part of the immigration authorities to vacate the conditional parole with a direction to take the alien into custody. Probable cause for such procedure appears.

■ Consequently, it would seem that the only question presented to the Court in these proceedings is whether the requirement that petitioner post a satisfactory bond in the sum of $4,000 is so arbitrary that it reflects a clear abuse of discretion. The Supreme Court in Carlson v. Landon and Butterfield v. Zydok, 72 S.Ct. 525, 534, observed that it was the intention of Congress in the Internal Security Act "to make the Attorney General's exercise of discretion presumptively correct and unassailable except for abuse." The burden rests upon the petitioner to show by a clear and convincing showing that there has been such an abuse

herein. Petitioner assumes to do nothing more at this hearing than to establish that he has heretofore reported regularly to a local Immigration Office during the time that he has been released upon conditional parole, and from that fact, coupled with counsel's statement that he has no means, this Court, without more, is asked to override the discretion of the immigration authorities. The fact that the Court might be of the opinion that a less bail would suffice under the circumstances will not justify an overturning of the Attorney General's discretion. There must be a clear and convincing showing that the demand for $4,000 bail is without reasonable foundation. Warhol v. Shrode, D.C., 94 F.Supp. 229. In this the petitioner has failed to sustain the burden.

It follows, therefore, that the petition and supplemental petition for a writ of habeas corpus must be, and the same hereby are, in all things dismissed and discharged. It is so ordered.

An exception is reserved to the petitioner.