**ROWOLDT**

v.

**SHRODE, Immigration and Naturalization Service Officer.**

**Civ. No. 4612.**

United States District Court, D. Minnesota, Fourth Division.

Nov. 4, 1953.

Kenneth J. Enkel, Minneapolis, Minn., for plaintiff.

Geo. E. MacKinnon, U. S. Atty., Minneapolis, Minn. and Alex Dim, Asst. U. S. Atty., St. Paul, Minn., for defendant.

JOYCE, District Judge.

The plaintiff here is subject to an order of deportation which having been upheld by the Board of Immigration Appeals became final as of March 28, 1952. Shortly prior to the decision of that tribunal plaintiff was taken into custody, see United States ex rel. Rowoldt v. Shrode, D.C., 103 F.Supp. 752, and was thereafter released from custody upon supplying bond in the amount of $4,000 conditioned upon his appearance for proceedings relating to his deportation and, if found to be unlawfully within the United States, his delivery into the actual physical custody of an officer of the United States Immigration and Naturalization Service for deportation under warrant of deportation and acceptance of custody by such officer.

The six month period available to the Immigration Service to effect deportation as provided in the Internal Security Act of 1950, § 23, 8 U.S.C.A. § 156, ended on September 27, 1952 and on October 28, 1952, the plaintiff was placed upon so-called "supervisory parole" as provided for in the statute and the regulations issued thereunder by the Attorney General. The provisions of the 1950 Act have been carried over in the practically identical provisions of the 1952 Act, 8 U.S.C.A. § 1252. The supervision to which plaintiff became subject involved restrictions on his movement,

conduct and associations and in particular required "that said alien shall produce himself, at time and place designated, for deportation pursuant to the order of deportation." Knowing violation of any reasonable condition of such supervisory parole is made a felony by 8 U.S.C.A. § 1252(d).

At the time he was placed under supervision the plaintiff demanded that the bond previously posted be released, claiming as he does here that (1) there is no provision in the Immigration law as amended which requires or permits that bond or bail remain posted after the expiration of the six month period prescribed to effect deportation and (2) the conditions of supervision placed him in the custody of the Immigration Service and fulfilled the remaining condition of the bond. This demand was refused and the bond continued in effect in form.

It seems plain that the alternatives available to the Attorney General immediately upon the final determination that the alien is subject to deportation, which are detention, parole, or release upon bond, are made available only for the limited period of six months. 8 U.S.C.A. § 136, 1950 Act, 8 U.S.C.A. § 1252 (c), 1952 Act. It appears that thereafter the Attorney General is limited in his control of the alien to the devices specified in 8 U.S.C.A. § 1252(d), and whatever additional requirements are provided for by the regulations to be issued by the Attorney General as contemplated by that section. The regulations which he has issued, Code of Federal Regulations, Title 8, § 150.6(f), substantially follow the language of the statute and make no provision either for detention, for release under bond, or for the continuance of bonds previously posted.

Detention of the alien is not permitted beyond the six month period. Supervision is the remedy provided for by the Immigration Act, and the supervision as I see it is extremely drastic and controlling. United States ex rel. Lee Ah Youw v. Shaughnessy, D.C., 102 F.Supp. 799. It follows as a corollary and for the same reasons as stated in that case that the continuance of the bond can no longer be required under the authority of 8 U.S.C.A. § 1252(a) or § 1252(c) and should be released unless authorized by section 1252(d). Nothing appears in that section nor in the regulations which authorizes the continuance of the bond. Whatever the powers of the Attorney General to prescribe by appropriate regulation conditions of supervision in addition to those required by the statute, he has not seen fit to enlarge those requirements. The condition imposed in this case, that the alien must present himself for deportation is tantamount to the condition of the bond. While there may be some distinction based on the incidence of the burden as between the bondsman and the alien, the operation and effect of both conditions is the same and the requirement of bond is superfluous. The regulation and the restrictions placed directly upon plaintiff indicate the Attorney General's purpose to rely upon the criminal sanctions imposed by the statute and not upon the continuance of any bond.

Plaintiff brought this matter on in the form of a motion for temporary injunction but the parties have now stipulated that the present submission is for purposes of final determination. Plaintiff is entitled to relief and an appropriate form of order may be prepared and submitted.