**UNITED STATES ex rel. DANIMAN**

v.

**SHAUGHNESSY.**

No. 195, Docket 22972.

United States Court of Appeals
Second Circuit.

Argued Feb. 10, 1954.

Decided Feb. 26, 1954.

Shapiro, Rabinowitz & Boudin, New York City, Victor Rabinowitz, New York City, of counsel, for relator-appellee.

J. Edward Lumbard, U. S. Atty. for the Southern Dist. of N. Y., Harold J. Raby, Asst. U. S. Atty., Louis Steinberg, District Counsel, Max Blau, Attorney, Lester Friedman, Attorney, United States Department of Justice, Immigration and Naturalization Service, New York City, of counsel, for respondent-appellant.

Before CHASE, Chief Judge, AUGUSTUS N. HAND and MEDINA, Circuit Judges.

PER CURIAM.

The relator-appellee was arrested on a deportation warrant on May 1, 1953 and, while deportation proceedings were pending, was released from custody on bond pursuant to an order of Judge Weinfeld sustaining a writ of habeas corpus. The pertinent facts appear in his opinion and need not be repeated. See United States v. Esperdy, D.C., 113 F.Supp. 283.

The deportation proceedings resulted in an order of deportation which became administratively final on July 14, 1953 and the relator-appellee was taken into custody on August 24, 1953 on the warrant for his deportation. His petition

for a writ of habeas corpus was granted the next day and, after hearing, the writ was sustained by Judge Conger. He was then enlarged on bail and is presently so at large, his actual deportation not having, as yet, been effected; though there is no claim that the Attorney General has not been proceeding with reasonable dispatch under the circumstances to execute the warrant. This appeal is from the order of Judge Conger.

 Under Section 1252(c) of Title 8 U.S.C.A. the Attorney General has six months from the date an administrative order becomes final "to effect such alien's departure from the United States" or, if judicial review is had, from the date of the final order of the court. Failing to effect the alien's departure within the time allowed, the Attorney General may subject him only to "such further supervision and detention pending eventual deportation as is authorized by" Section 1252(d) of Title 8 U.S.C.A. This does not include holding him in custody. United States ex rel. Lee Ah Youw v. Shaughnessy, D.C., 102 F.Supp. 799; Rowoldt v. Shrode, D.C., 116 F.Supp. 143. But he may be prosecuted for willful violation of the lawful terms of such supervision and detention. Section 1252(d) of Title 8 U.S.C.A. The period of six months after the order became administratively final expired on January 14, 1954 and unless that period has been extended by the habeas corpus proceedings before Judge Conger this cause is now moot. Gordon v. Heikkinen, 344 U.S. 870, 73 S.Ct. 163, 97 L. Ed. 674.

While the return to the writ and the traverse filed to that might possibly be read as being broad enough in language to raise an issue as to the validity of the order of deportation, none was in fact raised and any intention so to do was disclaimed at the start of the hearing. The sole issue presented and decided was whether the relator had lawfully been denied bail by the Attorney General pending deportation and, indeed, the judge stated in his opinion

that no attack was made upon the regularity or the validity of the deportation order. That being so, it is apparent that there has been no enlargement of the six months' period by judicial review. The phrase "if judicial review is had" in Section 1252(c) of Title 8 refers to "a final order of deportation under administrative processes" appearing previously in the sentence in which the phrase is used and not to judicial proceedings which leave unquestioned the validity of such an order.

Our necessary dismissal of the appeal is, of course, no indication that had we been able to reach the merits this order would have been affirmed.

Appeal dismissed.