**LIM FONG et al.**
v.
**BROWNELL, Jr., Attorney General of United States.**
**No. 12264.**

United States Court of Appeals
District of Columbia Circuit.
Argued June 28, 1954.
Decided July 22, 1954.

684

Mr. Jack Wasserman, Washington, D. C., with whom Mr. David Carliner, Washington, D. C., was on the brief, for appellants.

Mr. Joseph M. F. Ryan, Jr., Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before STEPHENS, Chief Judge, and EDGERTON and FAHY, Circuit Judges.

PER CURIAM.

Appellants, plaintiffs below, brought an action for a declaratory judgment that deportation orders issued for their deportation to Continental China are null and void. The appeal is from an order of the District Court denying their motion for a preliminary injunction to restrain their apprehension and deportation, and dismissing their complaint.

■ If the dismissal was upon jurisdictional grounds it was erroneous. Rubinstein v. Brownell, 92 U.S.App.D.C. 328, 206 F.2d 449, affirmed by an equally divided court, 346 U.S. 929, 74 S.Ct. 319. The factual difference that in Rubinstein the attack was upon the determination of the Attorney General that Rubinstein was deportable, whereas here deportability is conceded and the only attack is upon the Attorney General's decision that appellants should be deported to Continental China, does not remove this case from the principles of Rubinstein.

■ Aside from jurisdiction, the question is whether the complaint states a case for a preliminary injunction. It alleges in substance that appellee, acting through his agents, arbitrarily and contrary to law has determined that claims of persecution made by Chinese aliens and filed pursuant to Section 243(h) of the Immigration and Nationality Act [1] shall not be honored, and that in so determining he has refused to exercise his statutory discretion, which if exercised might result in appellants being permitted to remain in the United States.[2] These allegations, taken as true in the absence of denial or responsive pleading, obviously state a case for injunctive relief against alleged imminent deportation to Continental China.

The complaint also prays that appellee be restrained from apprehending appellants. In view of the above disposition as to deportation pending further

1. "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason." 66 Stat. 214, 8 U.S.C. § 1253(h) (1952).

Though the statute itself makes no provision for petitioning the Attorney General to act under this section, it has been implemented by 8 CFR § 243.3(b).

2. The complaint also alleges upon information and belief that none of appellants is a member of any subversive organization or likely to engage in criminal or subversive activities and that there is no reasonable basis for believing that they are likely to flee or abscond.

proceedings it is not clear appellee will apprehend appellants pending those proceedings.[3] Should the matter later become critical it could be disposed of then. Bearing on arrest, in addition to Rubinstein v. Brownell, supra, see Shrode v. Rowoldt, 8 Cir., 1954, 213 F.2d 810.

The order of the court below is set aside with directions that the complaint be reinstated and a preliminary injunction issue restraining deportation of appellants to Continental China pending further proceedings.

Reversed and remanded.

3. No apprehension was attempted prior to our final hearing of the appeal notwithstanding our stay pending appeal restrained deportation alone.