438 P.2d 521

STATE of New Mexico, Plaintiff-Appellee,

v.

Albert GARCIA, Defendant-Appellant.

No. 92.

Court of Appeals of New Mexico.

Feb. 23, 1968.

Eugene E. Brockman, Tucumcari, for defendant-appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Sante Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

What is the meaning of "committed" in § 40A–22–8, N.M.S.A.1953? The statute reads:

> "Escape from jail consists of any person who shall have been lawfully committed to any jail, escaping or attempting to escape from such jail."

The criminal complaint charged defendant with a petty misdemeanor. An arrest warrant was issued. Defendant was arrested and jailed. The jury determined that he got out of jail through the roof and convicted him of violating the above statute. Defendant appeals.

Defendant's position is that one cannot commit the statutory offense of "escape from jail" unless one had been "committed" to jail. By "committed" defendant means an order of a court or magistrate which directs a confinement. He asserts that such an order is lacking in his case.

The legislature has not defined "committed" as used in § 40A–22–8. We must de-

termine the legislative intent as expressed in the words of the statute. Ex parte DeVore, 18 N.M. 246, 136 P. 47 (1913). Valley Country Club, Inc. v. Mender, 64 N.M. 59, 323 P.2d 1099 (1958), states:

"Unless the contrary appears, statutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributable to them."

Nothing to the contrary appearing, the legislature is presumed to have used the common meaning of "committed."

What is that common meaning? Webster's Third New International Dictionary Unabridged (1966) indicates that "commit" is a very wide term; that it may have either of two common meanings. See State ex rel. Hake v. Burke, 21 Wis.2d 405, 124 N.W.2d 457 (1963).

These two common meanings are:

(1) Delivery into another's charge; to place in confinement. In this sense "committed" means no more than lawful confinement in jail. People v. Emblen, 362 Ill. 142, 199 N.E. 281 (1935); In re Klein, 197 Cal. App.2d 58, 17 Cal.Rptr. 71 (1961).

(2) An order of a court or magistrate directing a confinement. Schildhaus v. City of New York, 7 Misc.2d 859, 163 N.Y.S.2d 201 (1957); People ex rel. Wojek v. Henderson, 134 Misc. 228, 235 N.Y.S. 173 (1929); In re Edson, 85 Vt. 366, 82 A. 664 (1912). This is the meaning that defendant would apply.

We do not choose between these meanings. Under either meaning defendant was committed to jail.

*"Committed" as placing in confinement.* Under this meaning defendant was committed if lawfully confined in jail. The arrest warrant directed the arresting officer to bring defendant before the magistrate "forthwith." Section 41-1-1, N.M.S.A. 1953. This means with reasonable promptness and dispatch; it does not mean that defendant must be taken before the magistrate "regardless of the time of day or night." State v. Montgomery, 28 N.M. 344, 212 P. 341 (1923). Until taken before the magis-

trate he is lawfully confined. State v. Montgomery, supra. Being lawfully confined, defendant was committed to jail.

We are not required to reject this meaning because of the rule that penal statutes are to be strictly construed. Although there is to be strict construction of the penal statutes, "they are not to be subjected to any strained or unnatural construction in order to work exemptions from their penalties." Ex parte DeVore, supra. If the meaning is doubtful, the spirit or reason of the law prevails over the literal meaning to prevent injustice. Accordingly, we may apply common sense in order to avoid an absurd result. Ex Parte DeVore, supra.

To hold that "committed" does not mean a lawful confinement would be a strict construction. Under this meaning, unless there were an order of confinement, one does not violate the statute by breaking out of jail. Such would be a strained construction. The reason and common sense of the statute is that a person who is lawfully confined in jail is to be punished if he breaks jail. The rule of strict construction does not require us to hold otherwise.

*"Committed" as an order of confinement.* Under this meaning, defendant was committed if there was an order of the magistrate directing that he be confined. The arrest warrant directed that defendant be brought before the magistrate; it did not specifically order confinement in jail. However, under our statutes, such an order is implied.

Upon issuance of an arrest warrant, § 41-4-1, N.M.S.A.1953, provides that the issuing official "must make an order to admit the * * * person for whom such warrant shall be issued, to bail." Section 41-4-1 further requires that the issuing official "shall * * * cause to be endorsed upon such warrant, authority to the officer making the arrest, to take bail for the appearance of the defendant." The justice of the peace complied with these requirements by fixing and endorsing on the warrant the amount of the bond.

One of the objects of bail is to relieve the accused of imprisonment before

trial. United States ex rel. Heikkinen v. Gordon, 190 F.2d 16 (8th Cir.1951); State ex rel. Smith v. Western Surety Co., 154 Neb. 895, 50 N.W.2d 100 (1951). Section 41–4–1 affirmatively provides for release by giving bail. Though "phrased in the affirmative, it implies a negative." Tijerina v. Baker, 78 N.M. 770, 438 P.2d 514, opinion issued January 22, 1968, and not yet reported. The implied negative is that the accused is jailed if bond is not given. The power to require bail connotes the power to imprison in the absence of such bail. Shrode v. Rowoldt, 213 F.2d 810 (8th Cir. 1954).

The order of the justice of the peace fixing the bond and authorizing the arresting officer to take the bail so fixed, impliedly ordered the officer to confine defendant in jail if bail was not given.

Section 41–4–2, N.M.S.A.1953, provides that if bail is not given the arresting officer is to immediately take the defendant before the officer issuing the arrest warrant. This means with reasonable promptness and dispatch. State v. Montgomery, supra. We are concerned here with the interval between the arrest and the appearance before the magistrate. During that time, the order fixing and authorizing the taking of bail is impliedly an order for the confinement of the accused, a commitment. Compare § 42–2–11, N.M.S.A.1953.

Whether "committed" in § 40A–22–8, N.M.S.A.1953, means "placing in confinement" or "an order of confinement," defendant was "committed" to jail when he left the jail through the roof.

The judgment and sentence are affirmed.

It is so ordered.

OMAN, J., concurs.

ARMIJO, J., dissents.

ARMIJO, Judge (dissenting).

I am unable to agree with the majority opinion and would reverse the judgment and sentence and discharge appellant.

Since no definition has been given the word "committed" as used in § 40A–22–8, N.M.S.A.1953, the intent of the legislature should be ascertained.

Appellant was arrested on a warrant issued by a justice of the peace on a complaint signed by his wife and a peace officer charging the offense of assault, a petty misdemeanor. The warrant commanded the officer to forthwith bring appellant before the judge to answer the complaint. Appellant was not taken before the judge but instead was lodged in jail. Two days later following a head count of prisoners he was found to be missing. The record is silent as to when the officers intended to take appellant before the judge.

At common law the offense of "escape" was a misdemeanor whereas other similar offenses such as "prison breach" were felonies. Ex parte DeVore, 18 N.M. 246, 136 P. 47, 49 (1913).

The earlier statute dealing with escape, Chapter 111, Laws 1959, now repealed, read as follows:

"40–41–2 ESCAPING FROM JAIL— PENALTY.—Any person who shall have been committed to jail, under any criminal charge, and shall, before the final trial of the cause for which he was imprisoned, or before the completion of the sentence, in case he shall be convicted in the court in which the charge may be pending, escape from jail, or from lawful custody of an officer, such person shall be guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not less than one [1] year and not more than five [5] years."

The Legislature segregated the provisions of the former act into escape after being lawfully committed to any jail, § 40A–22–8, N.M.S.A.1953, and another dealing with escape from custody of an officer after lawful arrest by one charged with the commission or alleged commission of a felony, § 40A–22–10, N.M.S.A.1953. The violation of either statute is made a felony.

Obviously, a person in custody under lawful arrest for felony or alleged commission of a felony, would violate the provisions of

§ 40A–22–10, N.M.S.A.1953, if he escaped and the place whether from jail or elsewhere, would make no difference.

Section 40A–22–8, N.M.S.A.1953, on the other hand, makes no distinction as to whether the commitment be for felony, misdemeanor or otherwise, and it would have been the simplest of tasks for the legislature had it intended to do so to have enlarged on the means by which the offense could occur simply by having added one or more words such as custody, confinement or other words of similar import following the use of the word "committed" in the statute.

Escape, at common law, is defined as a departure from lawful custody with the intent to evade the due course of justice; Lewis v. People, Colo., 412 P.2d 232 (1966), and the very foundation of the crime of escape is the lawful confinement of the prisoner. Houpt v. State, 100 Ark. 409, 140 S. W. 294 (1911) and commitment by lawful authority is the very essence of the lawfulness of the detention. Smith v. State, 145 Me. 313, 75 A.2d 538 (1950).

The warrant under which the arrest was made, directed the officer to forthwith bring appellant before the judge to answer the complaint. No other orders either written or oral were issued by the court and the initial confinement in jail was custodial, simply as detention or for want of bail as distinguished from being under formal commitment.

The case of Smith v. State, supra, in construing the following provision of the Maine statute dealing with escape from jail, which read in part: "Whoever, being lawfully detained for any criminal offense in any jail * * * breaks or escapes therefrom, * * *." said:

"While in a colloquial sense it may be said that one who is arrested on a charge of crime is arrested for a criminal offense and that one who is detained in jail to await trial for criminal offense with which he is charged, or to answer to an indictment for a criminal offense if the same may be returned against him, is detained for a criminal office, [sic] he is not in fact detained in jail *for the criminal offense* nor is he in fact in custody *for the crime*. In view of the fact that this statute categorically provides that the sentence for its violation shall commence 'after the completion of any sentence imposed for the crime for which he was then in custody', *and in view of the fact that the statute provides for a maximum penalty of imprisonment for a term of seven years, thus changing a common law crime from a misdemeanor to a felony,* we believe that the purpose of the act was to provide for the punishment of those who, having been convicted of crime, escape from jail or other place of detention, except the State Prison, either before or after sentence. Had the legislature intended to include within the terms of the statute those charged with the commission of crime, or those committed in default of bail to await action by the grand jury, it could easily have employed apt language therefor." (Emphasis added)

In People ex rel. Wojek v. Henderson, 134 Misc. 228, 235 N.Y.S. 173, 178 it was said:

"A commitment is a warrant, order, or process, by which a court or magistrate directs a ministerial officer to take a person to prison or to detain him there."

Such process, such as a warrant issued by a magistrate, which on its face does not direct one to be committed to prison but only to be received into custody and safely kept for further examination is not a commitment. Gilbert v. United States, 23 Ct.Cl. 218, (1888).

The officers' authority to confine appellant to jail temporarily is not questioned, but being a ministerial officer he had no authority to commit a person to jail. In re Edson, 85 Vt. 336, 82 A. 664 (1912), it is stated as follows:

"* * * When an officer has one under legal arrest, by virtue of either civil or criminal process, or without process, where that can be dispensed with, and it is his duty to detain his prisoner until he can have him before some court, or may

properly commit him to some reformative or penal institution, he may in the meantime detain him in any proper and suitable place; and he may use the common jail as a suitable place of detention, and such detention is not deemed a commitment to jail."

The endorsement of bail requirement had the effect of authorizing the release of the prisoner upon the same being furnished and in its absence to confine.

To use the jail door as the point of demarcation from whence the offense could be committed under the facts of this case would indeed result in a strained construction of the intent of the legislature, since obviously no violation could occur if the escape took place after arrest but before incarceration.

Note may be also made of the fact that the degree of force which may be used in apprehending a misdemeanant is far less than the force that may be used for apprehending felons or those charged with felony.

See Padilla v. Chavez, 62 N.M. 170, 306 P.2d 1094 (1957) in which the court said:

"* * * The same rule applies if a misdemeanant is under arrest and breaks away and flees. The officer is not authorized to shoot or kill him merely to stop the flight. * * *"

On the other hand, we find the legislature providing that homicide is justifiable when committed by a public officer when necessarily retaking felons after rescue or escape or fleeing from justice or to prevent escape from lawful custody or confinement. Section 40A–2–7, N.M.S.A.1953.

A review of criminal codes of other jurisdictions, dealing with escape i.e., Arizona, Washington, Oklahoma, Texas, California and Wyoming disclose a definite distinction between a person escaping while held for felony or for misdemeanor in relation to the penalty imposed; for example see Arizona Revised Statutes, Vol. 5, § 13–393, Criminal Code which states:

"A person who, being confined in a county jail, escapes therefrom, is guilty of a felony if the confinement is upon a charge, arrest, commitment or conviction for a felony, and is guilty of a misdemeanor if the confinement is upon a charge, arrest, commitment or conviction for a misdemeanor."

The conclusion I reach is that the intent of the word "committed" as used in the act in question was in its traditional and technical sense and that it was incumbent on the state to prove beyond a reasonable doubt the existence of a lawful commitment issued by proper authority as this element of the crime is a traversable fact.

By nothing which has been said has it been the intent of the writer to condone self help nor the act done by appellant in this case.