**Phong DOAN, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.**

No. 01–56784.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Filed Nov. 27, 2002.

Todd W. Burns, Federal Defenders of San Diego, Inc., San Diego, CA, for the petitioner-appellant.

Patrick K. O'Toole, United States Attorney (when brief was filed), Carol C. Lam, United States Attorney (when opinion was filed), Samuel W. Bettwy, Special Assistant U.S. Attorney, U.S. Attorney's Office, San Diego, CA, for the respondent-appellee.

Before: SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER,* District Judge.

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

## OPINION

SCHROEDER, Chief Judge.

Appellant Phong Doan is a Vietnamese national who has been ordered removed to Vietnam because of two felony convictions. Vietnam will not take him back. In *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court held that the INS is not authorized to detain removable aliens past the presumptive six month period once removal is no longer reasonably foreseeable. *Id.* at 699–701, 121 S.Ct. 2491. The INS therefore released Doan but imposed certain conditions on that release including the posting of a $10,000 bond.

Doan brought this action for an injunction in district court challenging the bond requirement. This is an appeal from the district court's denial of that injunction. We affirm the district court. Although the statute authorizing terms of supervision, 8 U.S.C. § 1231(a)(3) and (6), does not expressly authorize a bond, it does not exclude such a condition.

Moreover, a bond is well within the kinds of conditions contemplated by the Supreme Court in *Zadvydas*, 533 U.S. at 688–89, 695–96, 121 S.Ct. 2491, where the Court observed that 8 C.F.R. § 241.5 (2001) establishes conditions of release. Those conditions include the posting of a bond.

The facts are not complex. Doan immigrated to this country in 1975. He was convicted of assault with a firearm in 1987 and attempted robbery, conspiracy to commit robbery, and possession of a firearm in 1992. The INS ordered him to be removed in October 1998.

In February 1999, the INS decided to continue to hold Doan because of his danger to the community. In July 1999, Doan was being held "indefinitely" by the INS while subject to a final removal order to Vietnam. However, Vietnam would not accept him absent the negotiation of a repatriation agreement. Doan filed a petition for a writ of habeas corpus on July 9, 1999, under 28 U.S.C. § 2241, seeking an order compelling his release from INS custody. On January 6, 2000, the district court denied the petition. *Doan v. INS*, 78 F.Supp.2d 1101, 1111 (S.D.Cal.2000). On May 4, 2000, Doan appealed to this court, which vacated the district court and remanded in light of *Ma v. Reno*, 208 F.3d 815 (9th Cir.2000), *amended sub nom. Ma v. Ashcroft*, 257 F.3d 1095 (9th Cir,2001). The parties agreed to hold the case in abeyance pending the outcome of *Ma* in the Supreme Court. On July 27, 2000, the INS set a bond requirement of $10,000 for Doan's release pursuant to 8 U.S.C. § 1231(a)(3), which Doan's family paid the next day. The INS released Doan.

The Supreme Court granted certiorari in *Ma* and in a consolidated opinion, *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), held that there is a "reasonableness limitation" to post-removal-period detention. On August 24, 2001, following the *Zadvydas* opinion, Doan filed a supplemental memorandum in support of the earlier petition for writ of habeas corpus. He also sought an injunction against the INS to prevent its conditioning his release on a bond and to require the INS to return the $10,000 already posted.

The district court denied the injunction. It held that the amount of the bond was reasonable and that the imposition of a bond as a condition of release was within the exercise of discretion contemplated under the statute and implicitly ratified by the Supreme Court's decision in *Zadvydas*.

In this appeal, he contends only that a bond cannot be imposed as a matter of law because a bond is not expressly authorized in the statute. In *Zadvydas*, however, the government had argued that because the

statute did not contain any express limit on the length of detention, the statute authorized detention for an unlimited duration. *Zadvydas,* 533 U.S. at 689, 121 S.Ct. 2491. The Court rejected that interpretation in order to avoid having to decide whether the statute itself was unconstitutional. *Id.* The Court construed the statute in a way that avoided the constitutional issue by reading an implicit limitation of reasonable length to the duration of detention. *Id.* The Court established a presumptive reasonable period of six months. *Id.* at 701, 121 S.Ct. 2491.

The Court thus held in *Zadvydas,* that the INS could, under the statute, impose reasonable conditions on release and supervision, that, if violated, could result in further detention. *Id.* at 696, 699–700, 121 S.Ct. 2491. It is significant that the Supreme Court did not limit the terms and conditions to those specifically enumerated in the statute. Rather, it cited with approval the regulations promulgated by the Attorney General. *Id.* These regulations expressly authorize a bond as a condition of release. 8 C.F.R. § 241.5(b). We therefore conclude that there is no merit to appellant's contention that because a bond is not expressly listed as a condition in the statute, imposition of any bond as a condition of supervised release is unlawful.

Doan relies on a fifty-year-old Eighth Circuit case, *Shrode v. Rowoldt,* 213 F.2d 810 (8th Cir.1954), that upheld a challenge to a bond requirement, but the case was decided before the Attorney General promulgated regulations authorizing a bond, and before the Supreme Court's decision in *Zadvydas* put a different gloss on the statute.

We recognize, of course, that serious questions may arise concerning the reasonableness of the amount of the bond if it has the effect of preventing an alien's release. Here, however, there is no question concerning the reasonableness of the bond.

Doan is not subject to any other conditions that have been challenged as unreasonable.

AFFIRMED.