## THE PEOPLE v. MARCH.

Where the defendant was indicted and convicted of murder, and on appeal a new trial was ordered on the ground of objection to a juror, whereupon on motion of the prosecution, the indictment was set aside on account of irregularites in the summoning and empanneling the grand jury, and subsequently a new indictment was found by another grand jury, under which the prisoner was convicted; *Held* that the second trial and conviction did not put the prisoner "twice in jeopardy for the same offence," as it is apparent that the prisoner was not put in jeopardy by the first trial, which had been held to be erroneous.

Section five hundred and ninety-seven of the Criminal Practice Act, which empowers the Courts to set aside indictments on motion of the prosecution, is not limited to cases of defects in the instrument itself, and such a dismissal is no bar to a subsequent prosecution for the same offence, when it amounts to a felony.

On a trial under an indictment for murder, a verdict of "guilty" imports a conviction on every material allegation in the indictment, and is, therefore, a conviction for murder.

If the conviction is for any lesser offence than that charged, but included therein, it must be specified in the verdict.

The instruction, "that the killing being proved, the law implies malice, and it devolves upon the defendant to repel the presumption," is correct in principle; and if the defendant feared that the jury might construe it into an exclusion of all testimony for the prosecution, which might be favorable to the prisoner, he should have asked for an explanatory instruction.

Insanity of the prisoner at the instant of the commission of the offence can only be established by evidence tending to prove that he was insane at some period before or afterwards.

A judgment of the Court below will not be disturbed on account of an erroneous instruction, which was not applicable to the facts of the case.

APPEAL from the District Court of the Ninth Judicial District, County of Shasta.

The prisoner, Jeptha R. March, was indicted by the grand jury of Colusi county for the murder of Hamilton Timmons, and was convicted of the crime. He took an appeal to this Court, and the judgment of the Court below was reversed, and a new trial ordered on the ground of error in the ruling of the Court below upon an objection to a juror. After the *remittitur* had been filed in the Court below, on motion of the prosecuting attorney, on the ground of irregularities in the sum

moning and empanneling the grand jury, it was ordered that the indict-
ment be set aside.    A new indictment was found by another grand jury
against the prisoner for the same offence—under which he plead not
guilty, and his former conviction, and the judgment of dismissal—was
tried, found guilty, and sentenced to death.    The verdict of the jury
was in the words, "We, the jury, find the defendant guilty."

The Court below instructed the jury that "when a killing has been
proved, the law will imply malice, and it then devolves on the defend-
ant to show that he did it in self-defence, or some circumstances show-
ing justification; *that the only presumption against a prisoner is that of
malice*, after proving the act.    All other reasonable presumptions are in
favor of the prisoner."

On the question of insanity, the Court below instructed the jury that
"before you can believe the party insane at the time of the commission
of the act, the defendant must first have shown that he had been insane
at some prior time, or has been subsequently insane; for the law never
presumes insanity."    To these instructions defendant excepted.    The
record does not disclose the evidence given on the trial, nor does it ap-
pear that any instructions were asked for by the defendant.    The de-
fendant appealed upon the pleas and exceptions above set forth.

*Edwards & English* for Appellant.

I. The defendant was entitled to an acquittal and discharge after the
dismissal of the first indictment.    He had then been once put in jeop-
ardy.    The provision of our State Constitution, that "no person shall
be subject to be twice put in jeopardy for the same offence," and the
equivalent rule of the common law do not apply to cases in which the
indictment is so defective, or the proceedings have been so irregular
that no legal judgment against the defendant can be given.    In such
cases the law holds that the accused was never jeopardized.    It may
also be conceded that where a sentence is reversed on appeal for error
occurring at the trial, as was the case here, the defendant may be again
tried upon the same indictment.    But the question here is, whether the
defendant may have been lawfully put upon his trial under the former
indictment, as was ordered by the Court in the judgment of reversal?
The question is, whether the first indictment was sufficient to authorize
a legal conviction?    If so, the defendant's life was thereby jeopardized,
and although he might have been again tried upon the same indictment
without an infraction of the Constitution, yet the prosecution could
not lawfully abandon that indictment and proceed against him by
another; for thereby he is a second time jeopardized for the same of-
fence.    The cases show that the true test of the application of the rule
is to be found in answer to the question, whether the first indictment
was sufficient to authorize a legal conviction?    2 Swift's Digest, 400;
The State *v.* Ray, 1 Rice's R., 1; The State *v.* McKee, 1 Bailey's R.,
p. 65♯.

The only statutory authority which the Court below had to set aside
the first indictment, either of its own motion or on that of the prosecu-

ting attorney is found in the Compiled Laws, p. 500, § 597.   And this provision requires the reasons to be set forth on the record.

II. The verdict did not authorize a sentence of death.   At most, it could only have authorized a sentence for manslaughter.   Where a homicide is proved, the presumption is that it is murder in the second degree, and proof is required before sentence for murder in the first degree can be given.   Hill's case, 2 Gratt. Va. R., 594.

In cases of murder, the degree of criminality must be found as a matter of fact.   The State *v.* Dowd, 19 Conn. R., 388.

On a plea of guilty to an indictment for murder it must be determined by evidence whether the offence was murder or manslaughter. McCauley *v.* The U. States, 1 Morris R., 486.

Again, our statute provides that " the defendant may be found guilty of any offence the commission of which is necessarily included in that with which he is charged in the indictment.   Compiled Laws, p. 476, § 424.

In this view of the case the verdict may have authorized a sentence for manslaughter.   It may have been a good verdict for the lower degree of the offence.   And this Court on reversal will not order a new trial, but direct the judgment so authorized to be entered up by the Court below.   Compiled Laws, p. 486; Kelly *v.* The State, 8 Sme. & Mar. R., 518; Oliver *v.* The State, 5 How. Miss. R., 14.

III. The charge to the jury is in many respects wholly erroneous, and this Court will be forced to presume that it wholly misled the jury.

1. It assumes that unless the defendant acted in proper self-defence or showed other circumstances of justification, then he must necessarily be guilty.   There may have been facts which excused the defendant, and would also have authorized his acquittal, but these were all excluded; and unless the defendant was technically justified, he must be convicted.

2. The Court erred in charging that the killing being proved, the law implies the malice; and it devolves upon the defendant to repel the presumption.   The charge, as an abstract proposition, may be law, but is too broad to be given to the jury without the important qualification that circumstances which excuse the act may appear from the evidence produced against the prisoner.   Here, however, all circumstances favorable to the prisoner, appearing in the case made by the prosecution, were expressly excluded.   He must himself show them in his own evidence.   McDaniel *v.* The State, 8 Sm. & Mar., 401.

3. The jury were told that before they could believe the prisoner insane at the time of the commission of the act, it must first be shown that he had been insane at some prior time, or had been subsequently insane.

The real and only vital question for the determination of the jury was, whether he was sane or insane at the time of the act.   His previous or subsequent sanity or insanity were only circumstances of evidence to guide the jury to a correct finding as to the principal fact.

Here, however, the evidence is substituted for the fact to be proved, and the fact itself is expressly excluded.

*William T. Wallace, Attorney General,* for the People. No brief on file.

The opinion of the Court was delivered by Mr. Justice Terry. Mr. Justice Heydenfeldt concurred.

The appellant was convicted by the District Court of Shasta county of the crime of murder, in 1855; an appeal was taken, and the judgment of the Court below was reversed, and a new trial ordered. After the *remittitur* had been filed in the Court below, the indictment under which the conviction was had was, on motion of the District Attorney, set aside, because of certain irregularities in the summoning and empanneling the grand jury which found it. A new indictment having been found by a subsequent grand jury, appellant was again put upon his trial for the murder of said Timmons.

The cause being submitted to a jury, a verdict of guilty was returned, upon which the Court entered judgment.

It is contended by the appellant, first, that the defendant was entitled to be discharged upon the dismissal of the former indictment, and that the trial and subsequent proceedings were in violation of that clause of our Constitution, which provides that " no person shall be twice put in jeopardy for the same offence." This provision was never intended to apply to cases in which a judgment of conviction was reversed in the appellate Court, and a new trial ordered. In such cases, it being apparent, from the judgment of reversal, that such trial was erroneous, the defendant in fact was not in jeopardy. The order for a new trial places the party in the same position as though no trial had been had. See C. L. 478, § 439.

It is contended, second, that the former indictment was improperly set aside; that the 597th section of the Criminal Practice Act, which empowers Courts to set aside indictments on motion of the prosecutor, and for reasons to be embodied in the order, means legal and sufficient and not frivolous reasons, and that the said indictment had been decided in this Court to be valid and sufficient.

In point of fact, the question of the validity of the indictment was not passed on by this Court. The case was determined solely upon an objection to the juror; but conceding that the indictment was perfect in every respect, we do not construe the section of the law referred to as only permitting a dismissal of the indictment on account of defects in the instrument itself.

Many cases might arise when in furtherance of justice we would be called upon to dismiss a good indictment, and such a dismissal is, under our statute, no bar to a further prosecution for the same offence, if it amount to felony.

The second objection is to the form of the verdict, which is in the following words: " We, the jury, find the defendant guilty." It is

said that this verdict did not authorize a sentence of death ; that, inasmuch as the indictment for murder included, under our statute, the crime of manslaughter, the verdict only amounted to a conviction of the lesser offence.

The authorities cited in support of this decision, are under statutes which establish degrees in the crime of murder, except the case of McCawley v. U. S., 1 Mour., 486, where it was held that on a plea of guilty upon an indictment for murder, a jury must determine whether the offence be murder or manslaughter.

We have not been able to examine the authority referred to, but presume it was under a system of practice very different from ours. Under our system, an indictment properly contains but one count, charging a single crime, and under it the accused may be convicted of any offence necessarily included in the offence charged. If the conviction is for a smaller offence than that charged in the indictment, it must be specified in the verdict. "A general verdict of guilty imports a conviction on every material allegation in the indictment." C. L., 475, § 418. The verdict in this case establishes the truth of the charges sustained in the indictment, and was a conviction for murder.

Third, the charge of the Court as to the proofs of circumstances was, it is said, laid down too broadly, and was calculated to mislead the jury, to the prejudice of the defendant.

In support of this objection, a case is cited in 8 Saunders and Marshall, where a similar instruction was held to be erroneous. We do not think the ruling in this case can be supported either by reason or authority. It is admitted that the charge was correct in principle, and it is difficult to presume how a juror of ordinary intelligence could be misled by it ; at any rate, if the defendant feared such an effect, he should have asked an instruction explaining it.

There was no error in the instruction as to the evidence which should be required to prove insanity. It is possible to establish the insanity of the defendant at the instant of the commission of the offence, only by evidence tending to prove that the defendant was insane at some period before or afterwards. Upon this point as well as the last, there is no evidence in the record upon which to base the instruction, or to show its relevancy, and we have before decided that we would not disturb a judgment of the Court below on account of an erroneous instruction, which was not applicable to the facts of the case. See People v. Roberts.

The judgment is affirmed, and the Court below directed to carry its sentence into execution.