[No. 20317.  In Bank. — September 5, 1887.]

THE   PEOPLE,  RESPONDENT,  *v.*  GEORGE   WEST,
APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — VERDICT. — In a
prosecution for an assault with intent to commit murder, a verdict find-
ing the defendant guilty is sufficient in form to convict him of the
offense as charged.

ID. — CONVERSATION BETWEEN JURORS — IMMATERIAL ERROR. — In such a
case, injury to the defendant will not be presumed from the fact that
one of the jurors, at the close of the instructions, stated to the court
that there was a disagreement among them as to the testimony upon a
particular point, although the court had previously admonished them
not to talk among themselves about the merits of the case.

ID. — EVIDENCE OF CONVERSATIONS — CROSS-EXAMINATION. — In a prosecu-
tion for an assault with intent to commit murder, a witness for the de-
fense testified that the prosecuting witness, on the morning after the
assault, stated to him that he did not know whether it was the defend-
ant or some other person who had committed the assault.  On cross-
examination, the witness was asked whether, on the evening before, the
prosecuting witness had not told him that it was the defendant who had
assaulted him.  *Held,* that the question was proper.

APPEAL from a judgment of the Superior Court of
Butte County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Reardan & Freer,* and *W. S. Riley,* for Appellant.

*Attorney-General Johnson,* and *John C. Gray,* for Re-
spondent.

PATERSON, J. — The defendant was charged with the
crime of assault with intent to commit murder.  The jury
found the defendant guilty in the following language:
" We, the jury in the above-entitled case, find the defend-
ant guilty."  It is claimed that this verdict is contrary
to law; does not find the defendant guilty of any offense;
and that because the lesser crime of simple assault is
included within the crime charged in the information
the verdict is ambiguous and uncertain.   The jury were

given four forms of verdict, the court saying: " I have prepared forms of verdict for you. You will find that they conform to the definition of the crime and the different offenses which I have defined to you. If your verdict be that the defendant is guilty of the offense charged in this information, then it is simply essential for you to find a verdict like the following: ' We, the jury in the above-entitled case, find the defendant guilty,' and that imports the conviction of the offense with which the defendant is charged in the information. If, however, you should in your wisdom arrive at the conclusion that the defendant is guilty of the lower crime of assault, which I have defined to you, then in that event it will be essential that you designate the character of the offense; and your verdict in that case would be: ' We, the jury, find the defendant guilty of assault.' " In the case upon which appellant relies (*People* v. *Ah Gow*, 53 Cal. 628), the form of the verdict was: " Guilty of the indictment as charged to him." It was there held that the jury had failed to find the defendant guilty of anything. An assault with intent to commit murder is not divided into degrees, and the general rule is, that a verdict of guilty is a conviction upon every material allegation in the information. (*People* v. *March*, 6 Cal. 543.) Section 1151 of the Penal Code provides that a verdict of guilty upon the general issue imports a conviction of the crime charged in the information. Under the instructions given by the court, the jury could not have been misled, and the verdict is sufficient in form and substance.

Immediately upon the conclusion of the charge of the court to the jury, one of the jurors said: " I would like to ask one question, if the court please, about which there is a conflict among the jury. The evidence of the two men who swore that they saw this man West at six o'clock or a little after that going through that lane, and that of the defendant with regard to it, is not clearly

understood.   The question is, whether he swore that he was there at all, and the two men swore that they saw him in there at that time." It is not pretended that the jurors in any material respect disobeyed the admonition of the court not to talk about the merits of the case, and this question itself indicates nothing prejudicial to the rights of the defendant.   It is simply an inquiry on the part of one of the jurors, and indicates only that there was a misunderstanding as to the testimony of one or more of the witnesses.   The inquiry of the juror was answered by stating the testimony to him, to which there was no objection.   During the progress of a trial a juror may not hear clearly what has been said, and without impropriety may ask a fellow-juryman whether the testimony is as he understands it.   In the absence of something more than the showing that is made here, we must hold that the defendant was not injured.   (*People v. McCurdy*, 68 Cal. 576.)

There was no error in permitting the witness Ward to answer the question, "How did it come up?"   The defense had attempted to show by him that the prosecuting witness did not know whether it was West or another person who had committed the assault; and for that purpose had been permitted to show that Weyman had said to him on the morning after the commission of the offense that he (Weyman) did not know whether it was West or a white man.   We think it was legitimate cross-examination of the witness to inquire whether, in the conversation had with the same party the evening before, he had not said that it was West who assaulted him.

Judgment and order affirmed.

TEMPLE, J., McFARLAND, J., SEARLS, C. J., McKINSTRY, J., THORNTON, J., and SHARPSTEIN, J., concurred.