[Criminal No. 597. Filed October 10, 1924.]

[229 Pac. 395.]

## JEFF O. SHAW, Appellant, v. STATE, Respondent.

1. HUSBAND AND WIFE—DESTITUTE CONDITION OF WIFE NOT ELEMENT OF FAILURE OR REFUSAL TO PROVIDE WIFE WITH NECESSARIES.—Destitute condition of wife is not element of offense of neglect or refusal to provide wife with necessaries under Penal Code of 1913, section 250, denouncing abandonment of "wife in a destitute condition, or" refusal or neglect "to provide such wife with necessary food, clothing, shelter, or medical attendance," since the statute defines two separate offenses.

2. CRIMINAL LAW—VERDICT FINDING DEFENDANT GUILTY WITHOUT DESIGNATING WHETHER CONVICTION WAS FOR CRIME CHARGED OR FOR ATTEMPT TO COMMIT IT HELD SUFFICIENT.—Where information accused defendant of failure to provide for wife in violation of Penal Code of 1913, section 250, and not an attempt to commit such crime, and the only verdicts submitted to jury were "guilty" and "not guilty," verdict of "guilty" *held* sufficient, under section 1084, as against contention that it was uncertain in not designating whether conviction was for the crime charged or for an attempt to commit it.

See (1) 30 **C. J.**, p. 1102. (2) 16 **C. J.**, p. 1109.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Fred C. Struckmeyer, Judge. Affirmed.

Mr. Thomas J. Croaff, for Appellant.

Mr. John W. Murphy, Attorney General, Mr. A. R. Lynch, Mr. Earl Anderson, and Mr. E. W. McFarland, Assistant Attorneys General (Mr. Lin Orme, Jr., on the Brief), for the State.

1. Validity of statute making it crime for husband to abandon or fail to support wife, see note in **Ann. Cas.** 1912B, 280. See, also, 13 **R. C. L.** 1191.

McALISTER, C. J.—This is an appeal by Jeff O. Shaw from a judgment of conviction under section 250 of the Penal Code, which reads as follows:

"250. Every husband, having sufficient ability to provide for his wife's support or who is able to earn the means of such wife's support, who willfully abandons and leaves his wife in a destitute condition, or who refuses or neglects to provide such wife with necessary food, clothing, shelter or medical attendance, unless by her misconduct he was justified in so doing, is guilty of a felony."

The information designates the crime of which it accuses appellant as failure to provide for wife, and then states in this language the acts constituting the offense:

"The said Jeff O. Shaw on or about the 11 day of August, 1923, and before the filing of this information, at and in the county of Maricopa, state of Arizona, being then and there the husband of one Mary Jane Shaw, who was then and there his lawful wife, and having then and there sufficient ability to provide for the support of his said wife, and being able to earn the means of his said wife's support, did then and there willfully, unlawfully and feloniously refuse and neglect to provide his said wife with necessary food, clothing, shelter and medical attendance, he, the said Jeff O. Shaw, not being justified in so doing by any misconduct on the part of his said wife, Mary Jane Shaw; contrary to the form, etc."

A demurrer to the information upon the ground that it did not state facts sufficient to constitute a public offense was overruled, and the first error assigned challenges this action of the court. It is contended that the information is insufficient because it fails to state that the wife was "in a destitute condition" at the time appellant refused and neglected to provide her with the necessary food, clothing, shelter, and medical attendance. If it had

been drawn under that portion of the section in which this language occurs, this contention would be correct, because the use of this phrase in what might be termed the first subdivision of section 250 makes it a necessary element of the offense described therein that the wife be abandoned and left in a destitute condition by a husband having the ability to provide her with support or who is able to earn the means therefor.

But the offense appellant is accused of having committed is defined by the second subdivision of this section. It provides that—

"Every husband, having sufficient ability to provide for his wife's support or who is able to earn the means of such wife's support, . . . who refuses or neglects to provide such wife with necessary food, clothing, shelter or medical attendance, unless by her misconduct he was justified in so doing, is guilty of a felony."

The clause "who willfully abandons and leaves his wife in a destitute condition," it will be observed, is not a part of the offense described in this subdivision. Hence an accusation under it is sufficient if it appears therefrom that the husband, having the means to provide his wife with the necessary food, clothing, shelter and medical attendance, or the ability to earn them, has refused and neglected to do so, unless justified by her misconduct in such refusal or neglect. The term "necessary" as here used sufficiently designates or describes the relation that must exist between the wife, and the food, clothing, shelter and medical attendance she must have, before the husband's failure to furnish these for her may constitute a crime. It performs the function the phrase "in a destitute condition" does in the other clause. It is therefore necessary to allege that the husband abandoned and left his wife in a destitute condition only when proceeding under that par-

ticular portion of the section, because the two ways the offense created by this provision may be committed are independent of each other, notwithstanding their close similarity.

The second assignment is predicated upon the court's refusal to grant appellant's motion, made at the conclusion of the evidence for the state, for a directed verdict upon the ground that the evidence failed to show that the wife was in a destitute condition at the time appellant refused and neglected to provide her with necessary food, clothing, shelter and medical attendance. What has just been said under the first assignment disposes of this contention.

The verdict of the jury was in the following language:

"We, the jury, duly impaneled and sworn in the above-entitled action, upon our oaths, do find the defendant guilty.

"A. E. WHITFIELD, Foreman."

The motion for a new trial attacked this verdict as uncertain, indefinite and insufficient, but was overruled, and the court's action in this respect forms the basis for the only other error assigned. In support of this assignment, appellant urges that the verdict does not specify the elements of the offense charged, nor refer to the information, and inasmuch as it fails to do either, it is insufficient, because under the evidence the jury might well have found appellant guilty, not only of the offense charged, but also of an attempt to commit it. The information accuses appellant of but one offense, which it designates as "failure to provide for wife," and to this he pleaded not guilty. Under section 1084 of the Penal Code, Revised Statutes of 1913, upon such a plea a verdict is "either 'guilty' or 'not guilty,' which imports a conviction or acquittal of

the offense charged in the indictment or information." In *People* v. *West,* 73 Cal. 345, 14 Pac. 848, the defendant was charged with the crime of assault with intent to commit murder, and the jury's verdict was in these words, "We, the jury in the above-entitled case, find the defendant guilty." In disposing of the contention that this verdict was contrary to law, and that it found appellant guilty of no offense, because of the ambiguity and uncertainty resulting from the fact that the lesser crime of simple assault was included within the crime charged in the information, the Supreme Court of California, under section 1151 of the Penal Code of that state, from which section 1084, *supra,* was copied, used this language:

"The jury were given four forms of verdict, the court saying 'I have prepared forms of verdict for you. You will find that they conform to the definition of the crime and the different offenses which I have defined to you. If your verdict be that the defendant is guilty of the offense charged in this information, then it is simply essential for you to find a verdict like the following: "We, the jury in the above-entitled case, find the defendant guilty," and that imports the conviction of the offense with which the defendant is charged in the information. If, however, you should in your wisdom arrive at the conclusion that the defendant is guilty of the lower crime of assault, which I have defined to you, then in that event it will be essential that you designate the character of the offense; and your verdict in that case would be: "We, the jury, find the defendant guilty of assault." ' In the case upon which appellant relies (*People* v. *Ah Gow,* 53 Cal. 628), the form of the verdict was: 'Guilty of the indictment as charged to him.' It was there held that the jury had failed to find the defendant guilty of anything. An assault with intent to commit murder is not divided into degrees, and the general rule is, that a verdict of guilty is a conviction upon every material allegation in the information. *People* v.

*March,* 6 Cal. 543. Section 1151 of the Penal Code provides that a verdict of guilty upon the general issue imports a conviction of the crime charged in the information. Under the instructions given in the court, the jury could not have been misled, and the verdict is sufficient in form and substance.''

In *People* v. *Brady,* 6 Cal. Unrep. 719, 65 Pac. 823, the same court said of a verdict finding the defendant ''guilty in the first degree for burglary'':

''The verdict, being general, and fixing the degree of the crime, would have been complete had the word 'burglary' been omitted altogether.''

Whether a verdict for an attempt could, under the evidence, have been returned, is immaterial under the assignment, since the jury was not advised that it could do so, and no complaint is made of the court's action in failing to instruct it to this effect. It did what it was authorized to do—found and returned one of two verdicts submitted to it. It was not empowered to do otherwise, and necessarily error could not be predicated upon its failure in this respect.

No error appearing, the judgment is affirmed.

ROSS and LYMAN, JJ., concur.