HILL *v.* STATE.

(*Nashville,* December Term, 1944.)

Opinion filed March 3, 1945.

EARL BEASLEY and R. L. RICHARDSON, both of Franklin, for defendant, plaintiff in error here.

NAT. TIPTON, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant was indicted for housebreaking and larceny and at the same time put upon his trial as a habitual criminal. He was found guilty of housebreaking and larceny and his maximum punishment fixed at nine years, eleven months and twenty-nine days. He was also found to be a habitual criminal, whereupon the trial judge sentenced him to life imprisonment. He has appealed in error from the judgment below.

No question is made as to defendant's guilt upon the charge of housebreaking and larceny. It is contended, however, that the trial judge was in error in imposing a life sentence upon defendant as a habitual criminal and this contention must be sustained.

Chapter 22 of the Public Acts of 1939 provides among other things that: "Any person who has either been three times convicted within this State of felonies, two of which, under Section 11762 of the Code of Tennessee, render him infamous . . . shall be considered, for the purposes of this Act, and is hereby declared to be an habitual criminal, . . . provided further that each of said three convictions shall be for separate offenses, committed at different times, and on separate occasions."

Prior to his conviction of housebreaking and larceny in the present case it appears that the defendant had been convicted in 1929 for felonious assault with intent to

rob. The other two previous convictions were for breaking into and larceny from a railroad freight depot in 1935.

Under the law as it existed in 1935 conviction of neither breaking into and larceny from a business house nor of assault with intent to rob rendered a defendant infamous. By an amendment to Section 11762 of the Code contained in Chapter 64 of the Public Acts of 1941, there was added to the offenses, conviction of which rendered the defendant infamous, "felonious breaking into a business house, outhouse other than a dwelling house."

 Defendant's amenability to a sentence as a habitual criminal is to be tested by the nature of the offenses at the time of his previous convictions. If under the law as it stood at the time of such convictions he was rendered infamous, the fact that thereafter laws were enacted removing infamy from such convictions would not free the defendant from a sentence under the habitual criminal law upon conviction in a subsequent case. *State of Tennessee ex rel. Grandstaff* v. *Gore, Warden*, 182 Tenn. 94, 184 S. W. (2d) 366. For a stronger reason the converse of this proposition must be true.

The result is that the judgment below insofar as it imposed a life sentence upon the defendant will be reversed and the judgment here will be one affirming the judgment below insofar as it imposed a maximum sentence of nine years, eleven months and twenty-nine days for housebreaking and larceny.

The Attorney General concedes the conclusion reached herein.