LUTHER DAVIS V. THE STATE.

No. 23135. Delivered May 30, 1945.
Motion for Rehearing Overruled (Without Written Opinion)
June 20, 1945.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of burglary and sentenced to life imprisonment under the habitual criminal statute.

The proceeding is regular and the evidence is sufficient. Three bills of exception are presented in the case, upon which we are asked to reverse the judgment of the trial court.

The appellant was not represented by counsel on the trial of his case and while the Assistant County Attorney was testifying in behalf of the State in presenting a written confession, the appellant sought to examine him. The questions which he asked were not questions but statements of fact and they elicited from the District Attorney the remark the bill seeks to bring before us on a complaint that it had reference to his failure to testify. No exception was taken to the remark at the time. Appellant employed counsel, filed a motion for new trial, and introduced evidence which, among other things, sought to raise the question and give basis for a bill of exception. It is our conclusion that the bill at that time could not bring the question before us and we make no comment on the merits of the bill in the event timely objection had been made.

Bill of Exception Number Two complains of the introduction of the written confession. This bill is in a similar situation as Bill Number One. No objection was made to the introduction of the confession at the time it was presented. No evidence was introduced on the trial of the case to contradict the voluntary character of the statement. It was sought to introduce this evidence on motion for a new trial. No error could be presented based on the introduction of evidence at this time.

Bill Number Three raises a question of law as to the sufficiency of the prior convictions to support the life sentence. One of the prior convictions was for transporting whiskey. At the time of the former conviction this was a felony. Since that time the law has been amended so that the offense would be a misdemeanor. It is now contended that, because of such amendment, the prior conviction would not support a life sentence. The contention will not be sustained. Article 63, Vernon's Ann. P.C.—See also Garrett v. State, 91 S. W. (2d) 727.

Judgment of the trial court is affirmed.