387 P.2d 855

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Walter LOTT, alias Walter R. Lott and Robert Lott, Defendant-Appellant.**

**No. 7337.**

Supreme Court of New Mexico.

Dec. 23, 1963.

Rehearing Denied Jan. 10, 1964.

Joseph A. Sommer, Santa Fe, for appellant.

Earl E. Hartley, Atty. Gen., Thomas A. Donnelly, Joel M. Carson, Asst. Attys. Gen., Santa Fe, for appellee.

NOBLE, Justice.

The defendant has appealed from a life sentence imposed under the habitual criminal act.

Section 41–16–3, N.M.S.A.1953, reads:

"A person who, after having been three [3] times convicted within this state of felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits a felony within this state, shall be sentenced upon conviction of such fourth, or subsequent offense to imprisonment in the state penitentiary for the term of his natural life. A person to be punishable under this and the preceding sections need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section."

and the pertinent portion of § 41–16–4, N.M.S.A.1953, is as follows:

"If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as hereinbefore set forth, it shall be the duty of the district attorney * * * to file an information accusing the said person of such previous convictions. Whereupon the court, * * * shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer, or remain (sic) silent, his plea, * * * shall be entered of record and a jury shall be empaneled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person * * * the court shall sentence him to the punishment above prescribed * * * and shall vacate the previous sentence, * * *."

Following conviction and sentence of the defendant for a felony in Curry County, New Mexico, an information was filed charging defendant with having been convicted of three previous crimes in other

states. A jury found him to be the same person described in the several records set forth in the information. The trial court thereupon vacated the sentence previously imposed in the Curry County case, and, in conformity with the requirements of the habitual criminal act, sentenced him to life imprisonment. This appeal followed.

For the first time on appeal, defendant challenges the sufficiency of the information because, inter alia, he claims that it fails to allege that the crimes of which he is charged with having been convicted in other states, would have been felonies if committed in this state, § 41–16–3, supra.

■ The purpose of a criminal information is to furnish the accused with such a description of the charge against him as will enable him to make a defense and to make his conviction or acquittal res judicata against a subsequent prosecution for the same offense, and to give the court reasonable information as to the nature and character of the crime charged. Ex parte Williams, 58 N.M. 37, 265 P.2d 359; State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1. The information did specifically charge the defendant with being an habitual criminal under the provisions of § 41–16–3, supra. Regard must be given to such reference to the statute in determining the sufficiency of an information. Section 41–6–7(2), N.M.

S.A.1963; State v. Shroyer, 49 N.M. 196, 160 P.2d 444; Ex parte Williams, supra. C.f. State v. Ardovino, 55 N.M. 161, 228 P.2d 947. And, identification of the crime charged by reference to the section of the statute creating it was said in State v. Cummings, 63 N.M. 337, 319 P.2d 946, to be sufficient. Furthermore, the defendant may ask for and is entitled to a bill of particulars if he contends that the information is insufficient to enable him to prepare his defense or to give him any information to which he is entitled under the Constitution. A defendant failing, as here, to request a bill of particulars, if he deems the information insufficient, will not be heard on appeal to complain of a deficiency in the information. State v. Roy, supra. In addition, it is neither argued nor shown that defendant was prejudiced in his defense by the omission. We deem the contention to be without merit.

■ It is asserted that absent further proof, evidence standing alone that defendant pled guilty in Texas to "theft of property of value of $50 or over" is insufficient to support a charge that he was there convicted of a crime which would have been a felony if it had been committed in this state. Thus, the sufficiency of the prior conviction to support the life sentence is presented. The basis of defendant's contention is his assertion that only larceny of property with a value

in excess of $50 is a felony in New Mexico. However, Laws of 1891, § 2, Ch. 69, was in force at the time of the Texas conviction in 1946, under which theft of property of the value of $20 was a felony in this state. The amount was increased to more than $50 by Ch. 135, § 2, Laws of 1953. The habitual criminal act (§§ 41–16–1 to 41–16–4, N.M.S.A.1953) contains no provision requiring the prior felony to be such an offense on the date of a subsequent prosecution as an habitual criminal. The date of the conviction in the foreign state is the time to be considered in determining whether the offense charged as the prior conviction would have been a felony in this state. People v. McConnell, 20 Cal.App.2d 196, 66 P.2d 720; Davis v. State, 148 Tex.Cr.R. 452, 188 S.W.2d 177; Hill v. State, 182 Tenn. 313, 186 S.W.2d 333; People v. Klein, 305 N.Y. 766, 113 N.E.2d 155.

We judicially notice that burglary, § 40–9–1, N.M.S.A.1953, and unlawful possession of narcotics, § 54–7–13, N.M.S.A. 1953, are both felonies in this state. Defendant now urges for the first time that the Arizona burglary statute and the Oklahoma "Possession of Narcotics" statute differ in some respects from the New Mexico statutes defining those crimes, and argues that it would have been possible for him to have been convicted of those crimes in the foreign states under circumstances which would not have consti-

tuted a felony if committed in New Mexico. These convictions in Oklahoma and Arizona are said, therefore, to be insufficient to support the life sentence.

An examination of the record discloses that no objection was made in the trial court to the sufficiency of the proof nor were the Arizona or Oklahoma statutes called to the attention of the trial court. We have held that the law of a sister state is presumed to be the same as that of the forum, absent proof to the contrary. Under circumstances here present, we will not judicially notice the statutes of another state. Boswell v. Rio De Oro Uranium Mines, Inc., 68 N.M. 457, 362 P.2d 991. In addition, the questions as to insufficiency of the convictions to support the life sentence were not in any way pointed out or called to the attention of the trial court. An appellate court only reviews adverse rulings and decisions protested below in a manner which alerts the mind of the trial court to the claimed error. The failure of defendant to point out the claimed errors and to bring them to the attention of the trial court prevents his relying on them for the first time on appeal. City of Portales v. Shiplett, 67 N.M. 308, 355 P.2d 126; State v. Harris, 41 N.M. 426, 70 P.2d 757; State v. Williams, 50 N.M. 28, 168 P.2d 850.

Furthermore, when previous conviction is charged to be an offense which

is designated by name by our law as one falling within the required category, it is presumed that the conviction in the other state carried with it all the essentials of the crime in New Mexico. A contention to the contrary is a matter of defense. See Valdez v. State, 49 Ariz. 115, 65 P. 2d 29, where a similar information was sustained. We hold, therefore, that the information does sufficiently set up facts justifying imposing the sentence.

The sole exceptions to the immediately foregoing rule are questions of jurisdiction and fundamental error. Seeking to avoid the effect of the failure to preserve the alleged errors below, defendant urges us to consider them upon the ground that fundamental rights of defendant have been violated, and in connection therewith urges that the failure of appointed counsel below to make timely objections constituted incompetence to such an extent that it may be said that the defendant was deprived of the assistance of counsel. We cannot agree. This court has consistently held that fundamental error will only be invoked to prevent a plain miscarriage of justice where the defendant has been deprived of rights essential to his defense. It will never be exercised in and of some strictly legal, technical or unsubstantial claim. State v. Lucero, 70 N.M. 268, 372 P.2d 837; State v. Sena, 54 N.M. 213, 219 P.2d 287; State v. Garcia,

19 N.M. 414, 143 P. 1012. We repeat that no prejudice to defendant in the preparation of his defense has been either shown or argued. The claims in this instance are strictly legal, technical and are unsubstantial. As was said in State v. Garcia, supra:

"* * * If substantial justice has been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here. * * *"

Nor is the failure of counsel to preserve the error ground for exercise of the power to declare fundamental error. The reason for the rule was well stated in State v. Arellano, 68 Nev. 134, 227 P.2d 963, where it was said:

"* * * An attorney's ability cannot be measured by the number of objections he makes. There is no showing that appellant had any defense. * * * If appellant had any true defense it was his duty to disclose it to his counsel, and if the latter was unwilling to present it, to appeal to the court to assign him counsel who would. He cannot wait until after conviction and expect to have another trial on another theory of defense by shifting the blame for the one which failed, upon his counsel."

 A review of the record convinces us that the evidence substantially supports the charge that defendant was the person charged with having been convicted of the crimes alleged in Texas, Arizona and Oklahoma.

The judgment and sentence appealed from are affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.