407 P.2d 354

STATE of New Mexico, Plaintiff-Appellee,

v.

Jerry Curtis SEATON, Defendant-Appellant.

No. 7855.

Supreme Court of New Mexico.

Nov. 1, 1965.

Neal & Neal, Hobbs, for defendant-appellant.

Boston E. Witt, Atty. Gen., Frank Bachicha, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

COMPTON, Justice.

An information was filed against the defendant in Lea County, New Mexico, which charged that "* * * Jerry Curtis Seaton did abandon his minor children, leaving them without sufficient means of support, or did fail to provide for the support, as far as his ability extended, of his minor children, and thereby left them destitute, * * *" The defendant waived a trial by jury. A trial to the court resulted in his being found guilty as charged,

Judgment was entered accordingly, and the cause is here by appeal.

The pertinent part of the statute under which appellant was charged, § 40–2–4, N.M.S.A., 1961 Supp., since repealed, Laws 1963, Ch. 303, § 30–1, reads:

"It shall be unlawful for a man to abandon his wife, minor child or minor children, leaving such persons without sufficient means of support, *or* for a man to fail to provide for the support, as far as his ability extends, of his wife, minor child or minor children and thereby leave such persons destitute. * * *" (Emphasis supplied)

The finding and judgment read:

"THE COURT: I find the defendant guilty as charged in my opinion of abandonment by the father of these children every time he has means to provide them of the necessities of those children; especially when those necessities are being furnished by people who are not legally responsible to furnish them. I find that he had means to support these children or assist in their support in some way at all times. He had means enough to take on a new wife during that time. He says the hernia kept getting worse and kept him from working and earning any livelyhood. It happens that this Court has personal, first-hand knowledge of hernias and their affects. In fact, I carried one for years and worked in the oil fields with doctors telling me that it would be liable to kill me at any time. They are not near as bad as a lot of people seem to think they are, they can be repaired. Certainly it is destitution on the part of this family when they had to come to relatives with no means of making their own way. And while they didn't probably actually go hungry, that wasn't because of anything the mother could possibly do at the time and it wasn't because anything this father did, because relatives took them in and fed them and gave them a roof over their heads and that to me is destitution when they have to call on someone else outside their own means to furnish them the necessities of life. It is the judgment and sentence of this Court that you be sentenced to not more than one year in the State Penitentiary at hard labor at Santa Fe, New Mexico, and you will remember sir, when you get out that your obligation still exists and that the moment you get out the obligation is there that you had better take care of it. That will be all."

While appellant does not challenge the finding that he abandoned his minor children and left them without *sufficient* means of support, he raises a novel legal question, "A family is not destitute if in fact it possesses the necessities of life, and a con-

viction of unlawfully abandoning and failing to support a family cannot be sustained when it is shown that the family does indeed possess the necessities of life." If we understand appellant's position correctly, he contends that so long as his minor children are provided the necessities of life, irrespective of the source of support, they are not destitute within the meaning of the statute, and the conviction cannot stand.

No reported similar case in this jurisdiction has been cited, nor have we found one. As we construe the statute, it provides two ways by which the offense may be committed. The elements of the former relate to the *abandonment* of wife and minor children, leaving them without *sufficient* means of support, while the latter elements relate to the *failure* by the husband to provide for their support *according to his ability*. The former deals with a physical abandonment while the latter relates to the insensibility or indifference to duty of the husband towards his family, as to leave them destitute. The statute differentiates between a husband who abandons his family without *sufficient means* of support and a husband who is able but fails to provide for their support to the extent of his ability and they are thereby left destitute.

The record is replete with evidence that appellant abandoned his minor children without sufficient means of support. The court so found, and this finding is not challenged. The finding amply supports the judgment under attack and obviates a consideration and discussion of the question whether the evidence must show that the minor children were destitute when appellant left them. Compare State v. Bess, 44 Utah 39, 137 P. 829; Shaw v. State, 27 Ariz. 9, 229 P. 395. Also see Annotation following Cox v. Commonwealth, 280 Ky. 94, 132 S.W.2d 739, 131 A.L.R. 482.

Appellant makes the further contention that the court erred when he injected into the record and considered as evidence the statement relating to his own personal experience with a "hernia." It is asserted that this constituted prejudicial error. The trouble with this contention is that no objection was made at the time concerning the statement nor was the court's attention alerted in any manner to the fact that he possibly was committing error, thus giving him an opportunity to correct or clarify his statement. State v. Lott, 73 N.M. 280, 387 P.2d 855; State v. Barreras, 64 N.M. 300, 328 P.2d 74. The question raised being neither a jurisdictional question nor fundamental error, it cannot be raised here for the first time.

The judgment should be affirmed, and it is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.