474 P.2d 77

STATE of New Mexico, Plaintiff-Appellee,

v.

Thomas Joseph BRILL, Defendant-
Appellant.

No. 489.

Court of Appeals of New Mexico

July 17, 1970.

Certiorari Denied Aug. 21, 1970.

Dennis R. Francish, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Kenneth A. Cullen, Jr., Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Judge.

The appeal is from a denial of post-conviction relief without a hearing. Section 21-1-1(93), N.M.S.A.1953 (Supp.1969). There are two issues: (1) whether defendant is in custody under a New Mexico sentence and (2) waiver of jury trial.

*Whether defendant is in custody under a New Mexico sentence.*

In Bernalillo County, in 1956, defendant pled guilty to armed robbery. He was sentenced to not less than three nor more than twenty-five years in the penitentiary. Commitment to the penitentiary was issued.

According to defendant, he was subsequently released on parole. Thereafter, he became a federal prisoner. At the time of his motion for post-conviction relief, and the order denying the motion, defendant was imprisoned in a federal penitentiary. The parties agree that New Mexico has placed a "hold" on defendant with the federal penal authorities and that in the event defendant is released from federal prison " * * * he will be held until New Mexico authorities can return him to the New Mexico Penitentiary to continue serving the remainder of his sentence in this case."

Section 21–1–1(93), supra, authorizes motions for post-conviction relief by one who is " * * * in custody under sentence of a court established by the laws of New Mexico. * * *" The trial court denied relief on the basis that defendant was not in custody under sentence of a New Mexico court. The effect of this ruling is that defendant is not in a position to seek post-conviction relief under § 21–1–1(93), supra.

The information we have concerning defendant's New Mexico sentence is that he was released on parole and that New Mexico seeks his return so that defendant may serve the remainder of his sentence. See § 41–17–28, N.M.S.A.1953 (Repl. Vol. 6). Since we have no information indicating that defendant has been discharged from his status as a parolee, see § 41–17–30, N.M.S.A.1953 (Repl. Vol. 6), we consider whether defendant, as a parolee, was in custody under the sentence of a New Mexico court.

Section 41–17–24, N.M.S.A.1953 (Repl. Vol. 6) states: " * * * Every prisoner while on parole shall remain in the legal custody of the institution from which he was released * * *" Robinson v. Cox, 77 N.M. 55, 419 P.2d 253 (1966) states:

" * * * One who is paroled is not thereby released from custody but is merely permitted to serve a portion of his sentence outside the walls of the penitentiary, * * * A paroled prisoner is not discharged from the custody of the prison authorities, but is at all times under the complete custody and control, and subject to the orders of the parole board, * * *

See also Leach v. Cox, 74 N.M. 143, 391 P.2d 649 (1964).

We have a situation then where defendant is "legally" in the custody of the New Mexico Penitentiary but is "physically" in the custody of a federal penitentiary. Section 21–1–1(93), supra, does not distinguish between legal and physical custody. We must determine whether New Mexico's lack of physical custody of defendant bars defendant from applying for post-conviction relief under § 21–1–1(93), supra.

Our rule, § 21–1–1(93), supra, was taken from 28 U.S.C.A. § 2255. State v. Sisneros, 79 N.M. 600, 446 P.2d 875 (1968); Nance v. State, 80 N.M. 123, 452 P.2d 192 (Ct.App.1969). The interpretation of the federal statute by federal courts is persuasive of the interpretation to be given our rule. State v. Fines, 78 N.M. 737, 437 P. 2d 1006 (1968); State v. Travis, 79 N.M. 307, 442 P.2d 797 (Ct.App.1968).

In Desmond v. United States Board of Parole, 397 F.2d 386 (1st Cir. 1968), cert. denied 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968), the appellant attacked a federal sentence while physically in the custody of a state prison. It was held that appellant could do so under 28 U.S.C.A. § 2255. The lack of physical custody was not a bar. See also Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed. 2d 426 (1968); Word v. State of North Carolina, 406 F.2d 352 (4th Cir. 1969); United States v. DeMario, 246 F.Supp. 786 (E.D.Mich.1965); Reynolds v. State, 224.

So.2d 769 (Fla.App.1969). Since defendant is in legal custody under sentence of a New Mexico court he may seek post-conviction relief under § 21–1–1(93), supra. The lack of physical custody by New Mexico does not bar defendant from seeking relief under the rule.

■ Although the trial court erred in ruling that defendant was not in custody for the purposes of § 21–1–1(93), supra, and denied defendant's motion on that basis, reversal is not required, unless the result reached was erroneous. See Beall v. Reidy, 80 N.M. 444, 457 P.2d 376 (1969).

*Waiver of jury trial.*

■ Defendant's motion sought post-conviction relief because he did not have a jury trial. Defendant had a constitutional right to a jury trial. N.M.Const. Art. II, §§ 12 and 14. But this right can be waived. State v. Hernandez, 46 N.M. 134, 123 P.2d 387 (1942). Defendant asserts there is nothing in the record which shows a waiver.

We have the formal record showing that defendant acknowledged his guilt and that his plea of guilty was accepted by the court. Apart from the formal record, we do not know what took place at the time he made his guilty plea. It appears that the reporter who took down the proceedings at the time of the plea has died. The reporter's notes have not been found. Thus, we have nothing that specifically refers to a waiver of defendant's right to a jury trial.

Because there is no specific oral or written waiver of jury trial, defendant asserts his sentence is void. He presents five contentions.

■ 1. Section 21–1–1(52) (A), N.M. S.A.1953 sets forth various methods by which a jury trial may be waived. None of these methods appear in the record. The fact that there is no showing of waiver under this rule is of no aid to defendant. This rule applies "in all suits of a civil nature." Section 21–1–1(1), N.M.

S.A.1953. The rule was not applicable to defendant's criminal case.

■ 2. Defendant relies on State ex rel. Gutierrez v. First Judicial Dist. Court, 52 N.M. 28, 191 P.2d 334 (1948) which held that a defendant could not be tried without a jury if the State refused to consent. Since there is nothing indicating the State consented to a waiver of jury trial, he asserts that he still has a right to a jury trial. State ex rel. Gutierrez v. First Judicial Dist. Court, supra, is not applicable. It was concerned with the waiver of a jury and trial by the court. Here, there was no trial of any kind. Defendant pled guilty and was convicted on the basis of that plea. See State v. Tipton, 77 N.M. 1, 419 P.2d 216 (1966).

3. Since there is no record of the proceedings which occurred at the time of the guilty plea, defendant contends we should order a new trial in order to properly protect his constitutional rights. Because the record of proceedings is missing, defendant asserts there is no way for us to determine whether he waived his right to a trial by jury.

■ Thus, defendant asserts his conviction is void because of the missing record. The claim overlooks the fact that the record shows that he acknowledged his guilt and the trial court accepted his guilty plea. This plea waived trial. State v. Montoya, 81 N.M. 233, 465 P.2d 290 (Ct. App.1970); State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct.App.1969). The plea "obviated the necessity of trial." State v. McCain, 79 N.M. 197, 441 P.2d 237 (Ct. App.1968). The plea waived the right to a jury trial. State v. Daniels, 78 N.M. 768, 438 P.2d 512 (1968).

4. According to defendant, he has been denied due process and equal protection of the law since a "Waiver of Right of Trial by Jury" was never executed. The answer is that his guilty plea was such a waiver.

■ 5. Defendant claims that "* * * at no time did he knowingly and intelli-

gently express a desire to waive Trial by Jury, orally or in writing, nor did he assign this right to an Attorney. * * *" He asserts he was never " * * * warned of the consequences of a plea of Guilty." We understand these contentions to be a claim that no one "warned" defendant that a guilty plea would waive the right to a jury trial and that he never knowingly and intelligently expressed a desire to waive a jury trial. These claims provide no basis for relief. Defendant does not claim that he was unaware of the consequences of the plea—only that no one warned him of the consequences. See State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967). He does not claim that his guilty plea was involuntary—only that he never "expressed a desire" to waive a jury trial. See State v. Daniels, supra.

The trial court properly denied the motion for post-conviction relief. The order denying relief is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.