609 P.2d 333

STATE of New Mexico, Plaintiff-Appellee,

v.

Alton C. MARTIN, Defendant-Appellant.

No. 4201.

Court of Appeals of New Mexico.

Jan. 29, 1980.

Rehearing Denied Feb. 12, 1980.

Writ of Certiorari Denied March 12, 1980.

**252**

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, Alvin Jones, Roswell, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Judge.

Defendant appeals from convictions of conspiracy, assault by a prisoner, false imprisonment of a jailer and escape from the penitentiary.

After the State closed its case, defendant moved to dismiss the conspiracy count for insufficiency of the charge in the information. He also moved for a directed verdict of acquittal under Count II, escape from the penitentiary. Both motions were denied. At the conference to designate the record on appeal defendant requested that all testimony be transcribed; the trial court considered portions requested not germane and they were excluded. Defendant moved in this court for a supplemental transcript and the motion was denied for defendant's failure to comply with Rule 209(A).

We discuss defendant's three issues on appeal: (1) Whether the count of conspiracy should have been dismissed because the information was insufficient; (2) whether the crime "escape from the penitentiary" was applicable to defendant's attempted escape from Chaves County jail, and (3) whether defendant was denied his right to an appeal by the inadequacy of the appeal record.

1. *The charge of conspiracy in the information.*

Defendant moved to dismiss Count I at trial. The motion was denied. Objections to an information other than a failure to show jurisdiction in the court or to charge an offense must be raised prior to trial. N.M.R.Crim.Proc. 33, N.M.S.A.1978. Since defendant's claim was that the information failed to charge an offense, defendant's motion was timely made.

The information read:

Count I. That on or about the 5th day of November, 1978, Alton Martin did knowingly combine with another for the purpose of committing a felony within this State, contrary to § 40A–28–2, N.M.S.A. 1953 Comp. (§ 30–28–2, N.M.S.A.1978).

Counts II, III & IV charged that on or about November 5th defendant committed the crimes of escape from the penitentiary, assault by a prisoner and false imprisonment, all of which are felonies. Defendant argues that the specific felony which was the subject of the conspiracy must be charged, and that Count I did not specify the offense he conspired to commit.

■ "The purpose of a criminal information is to furnish the accused with such a description of the charge against him as will enable him to prepare a defense and to make his conviction or acquittal res judicata against a subsequent prosecution for the same offense." *State v. Stephens,* 93 N.M. 458, 601 P.2d 428 (1979); *State v. Lott,* 73 N.M. 280, 387 P.2d 855 (1963). Under *Williamson v. United States,* 207 U.S. 425, 28 S.Ct. 163, 52 L.Ed. 278 (1908), and *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the offense which a defendant conspired to commit must be identified. The purpose is to inform the defendant of the charges against him, *Glasser, supra,* at 315 U.S. 61, at 62 S.Ct. 457, and may be analogized to the requirement of stating the specific underlying felony when charging an accused with felony-murder. *State v. Hicks,* 89 N.M. 568, 571, 555 P.2d 689, 692 (1976), a felony-murder appeal, held that "the name of the felony underlying the charge must be either contained in the information or indictment or furnished to the defendant in sufficient time to enable him to prepare his defense." An open charge of murder *and* a charge of armed robbery were made in *State v. Stephens, supra.* The Court held the underlying felony to be clearly stated in the information, providing Stephens with sufficient notice for preparation of a defense.

■ The information here charged conspiracy to commit a felony as well as three other separate felonies. That was sufficient to give notice of the underlying felony or felonies. *State v. Stephens, supra; State v. Lott, supra.* Under *Hicks,* the defendant had a right to have the specific felony or felonies underlying the charge specified in sufficient time for him to know against

which felonies he should defend a charge of conspiracy. He did not, however, request a statement of facts, as was done in *Hicks,* and he waived any claim that he did not know which of the three felonies, or whether all of them, constituted the felony he was charged with conspiring to commit. *See State v. Lott, supra. See, also* Rules 8 and 9, N.M.R.Crim.Proc., N.M.S.A.1978.

Defendant was properly charged with conspiracy and the trial court did not err in denying defendant's motion to dismiss Count I.

2. *Was defendant properly charged and tried for "escape from the penitentiary"?*

According to the stipulation of the parties, defendant was committed to the New Mexico State Penitentiary on August 22, 1978. On October 31st he was arrested at the Roswell Correctional Center where he had been transferred, on a charge of distributing a controlled substance and was booked into the Chaves County jail. He was thereafter by court order transferred from custody of the penitentiary, to custody of the sheriff of Chaves County until after his arraignment of December 18, 1978. The order provided that upon completion of the arraignment he was to be returned to the New Mexico State Penitentiary. On November 5th, defendant participated with other inmates in an attempted escape. One of the escaping inmates was armed with an iron bar. The jailer was threatened, then locked in a cell by the escapees after they took his keys.

Defendant moved for a directed verdict on the escape count, contending that, if anything, he had escaped from jail and was wrongly charged, which motion was denied. He also submitted proposed instructions on the charge, and they were refused. He was convicted under § 40A–22–9(B), N.M.S.A. 1953 [presently § 30–22–9(B), N.M.S.A. 1978], which reads:

Escape from the penitentiary consists of any person who shall have been lawfully committed to the state penitentiary:

    A. escaping or attempting to escape from such penitentiary; or

B. escaping or attempting to escape from any other lawful place of custody or confinement and although not actually within the confines of the penitentiary.

Whoever commits escape from penitentiary is guilty of a second degree felony.

Defendant argues that for the statute to apply to escape from the Chaves County jail, there must be a connection between the prison commitment and the jail commitment. Since defendant was placed in jail for a separate arrest made while committed to the State penitentiary, he was not in jail for a purpose of a penitentiary commitment. Therefore, he argues, the applicable statute was § 30–22–8, N.M.S.A.1978, escape from jail, a fourth degree felony as opposed to the second degree offense with which he was charged.

It is not disputed that defendant had been lawfully committed to the penitentiary.

■ The trial court ordered that "the Warden of the New Mexico State Penitentiary release the defendant Alton Martin to the custody of the Sheriff of Chaves County until after his arraignment on the 18th day of December, 1978." It was further ordered that "upon completion of the arraignment, that the Sheriff of Chaves County return Alton Martin to the New Mexico State Penitentiary."

This order provided for a change in the location of his physical confinement, but did not change the fact the defendant's lawful custody or confinement was in the penitentiary. State v. Brill, 81 N.M. 785, 474 P.2d 77 (Ct.App.1970); see §§ 30–1–12(H) and 30–22–9(B), N.M.S.A.1978.

Whatever the meaning of "committed," see State v. Garcia, 78 N.M. 777, 438 P.2d 521 (Ct.App.1968), defendant's physical confinement in the county jail was, under the facts, a penitentiary confinement.

Defendant was properly convicted of escape from the penitentiary; the escape from jail statute, § 30–22–8, supra, was not applicable.

3. *The abbreviated record on appeal.*

■ Defendant filed no written designation request under Rule 209(a), N.M.R.Crim. App.P., N.M.S.A.1978. His request for a supplemental transcript pursuant to Rule 209(g) was denied because of his failure to follow Rule 209(a) and because trial counsel "approved and stipulated to" the designation order entered by the trial judge. Defendant now contends that the elimination of some of the trial testimony from the record designated on appeal denied him the "absolute right" to an appeal under Art. VI, § 2, N.M.Const.

It was his contention at the time of moving for the supplemental transcript that no proof was offered that he had been committed to the penitentiary and subsequently to the Chaves County jail, and a full transcript would have revealed this gap in the evidence. Testimony was unnecessary, the parties having stipulated, and the trial court having so advised the jury, that defendant had been duly committed to the State penitentiary on August 22, 1978. The jail's booking card of defendant's subsequent arrest was received in evidence. It disclosed he was arrested at the Roswell Correction Center which the sheriff identified as the prison's "honor facility." See State v. Peters, 69 N.M. 302, 366 P.2d 148 (1961), and State v. Brill, supra. Our discussion under Point 2 above, together with the stipulation of which the jury was advised and the evidence presented in this appellate record, sufficiently connects the jail, the honor facility and the penitentiary to bridge any claimed lack of evidence on that issue. A more complete transcript was not required, and defendant was not prejudiced by the trial court's limitation of the record.

The convictions and sentence are affirmed.

HENDLEY and HERNANDEZ, JJ., concur.

ON MOTION FOR REHEARING

Upon motion for rehearing defendant urges that the court's reference to the order

transferring custody from the penitentiary to the Chaves County Sheriff is irrelevant because "its purpose was to arraign him [defendant] for the very offenses arising from his previous [sic] escape. . . . The order has nothing to do with his custody, legally or physically, on the day of his attempted escape many weeks earlier."

Counsel for defendant apparently overlooks that at the time defendant was arrested at the Roswell Correction Center he was under lawful commitment to the State Penitentiary for a prior offense and was merely physically confined at the Roswell facility. When he escaped from the Chaves County jail his commitment and sentence to the penitentiary had not terminated. The order of custody to the sheriff, referred to in the Opinion, was clear evidence of the trial court's recognition that lawful and prior custody and confinement was in the State Penitentiary. Defendant's physical confinement in the Chaves County jail on the day of the escape was nothing more than confinement in a "holding" location while proceedings were pending on the charges of the crime committed at the Roswell facility, and his presence in the jail in no way affected his prior lawful custody in or lawful confinement to the penitentiary. Under these facts, defendant's physical confinement in the jail was confinement in the penitentiary. *State v. Moreno*, No. 3310 (Ct.App.), decided September 18, 1979.

The motion for rehearing is without merit, and is denied.

HENDLEY and HERNANDEZ, JJ., concur.