803 P.2d 1108

Wallace Alexander HOWARD,
Jr., Petitioner,

v.

Honorable James T. MARTIN,
Respondent.

No. 19459.

Supreme Court of New Mexico.

Jan. 7, 1991.

Wallace A. Howard, Jr., Angleton, Tex., pro se.

Hal Stratton, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RANSOM, Justice.

Wallace Alexander Howard, Jr., petitions this Court for a writ of certiorari to the district court from denial of habeas corpus sought under SCRA 1986, 5–802. Rule 5–802 governs post-conviction procedures for persons

> in custody or under restraint for a determination that such custody or restraint is, or will be, in violation of the constitution or laws of the State of New Mexico or of the United States; that the district court was without jurisdiction to impose such sentence; that the sentence was illegal or in excess of the maximum authorized by law or is otherwise subject to collateral attack.

SCRA 1986, 5–802(A).

The district court denied consideration of the petition on grounds that, because of his present incarceration in Texas on a life sentence imposed by the courts of that state, Howard is not in custody within New Mexico for the purpose of presenting his claims. The sentence imposed in New Mexico follows consecutively the sentence imposed in Texas. The court dismissed the petition without prejudice.

As is generally the case under SCRA 1986, 12–501 (petitions for writs of certiorari from denial of habeas corpus by the district court), Howard is before us pro se. When this Court believes there may be merit in a petition under Rule 12–501, we request the Attorney General to respond. We did so in this case, asking that a response be directed specifically to the order of the district court that, "since the defendant is not in custody within the State of New Mexico, his application for a writ of habeas corpus or for other post-judgment relief should be denied * * *." That is, by our order we sought briefing on the issue of whether a defendant is in "custody" for purposes of post-conviction relief under Rule 5–802 when the defendant is not physically restrained within the State of New Mexico, but is incarcerated in another state serving a sentence imposed by that state to be served concurrently or consecutively with the sentence imposed by the New Mexico court. *See, e.g., State v. Brill*, 81 N.M. 785, 474 P.2d 77 (Ct.App.), *cert. denied*, 81 N.M. 784, 474 P.2d 76 (1970) (lack of physical custody not a bar to post-conviction relief where the defendant is none-

theless subject to the legal custody of the sentencing court).

To the credit of the Attorney General, the pro se nature of Rule 12–501 petitions elicits an amicus response seldom contentious in the adversarial manner of many appeals. The Attorney General agrees that Howard is entitled to pursue post-conviction relief. He points out that the Supreme Court decided this general question in *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), and affirmed a circuit court of appeals decision that a consecutive sentence yet to begin constitutes sufficient custody to seek post-conviction relief. In *Brill,* our court of appeals decided a similar question in the context of a parole violator and upheld the right to pursue post-conviction relief. Other jurisdictions have reached the same result on similar or analogous facts. Whether the sentences are consecutive or concurrent does not appear to affect this result. *See* Annotation, *When is a Person in Custody of Governmental Authorities for Purpose of Exercise of State Remedy of Habeas Corpus,* 26 A.L.R.4th 455, § 6 (1983).

The Attorney General acknowledges that, for the same proposition, Howard correctly cites *Frazier v. Wilkinson,* 842 F.2d 42 (2d Cir.), *cert. denied,* 488 U.S. 842, 109 S.Ct. 114, 102 L.Ed.2d 88 (1988). Relying on *Peyton,* other circuits have reached the same conclusion. *E.g., Ward v. Knoblock,* 738 F.2d 134, 137–38 (6th Cir.1984), *cert. denied,* 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 974 (1985); *Carter v. Estelle,* 677 F.2d 427, 449 (5th Cir.1982), *cert. denied,* 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Crow v. United States,* 397 F.2d 284, 285 (10th Cir.1968).

Accordingly, we reverse the dismissal of Howard's Rule 5–802 petition and remand this matter to the district court to consider Howard's petition for post-conviction relief on its merits.

IT IS SO ORDERED.

SOSA, C.J., and BACA, J., concur.